MAHALA BOGGERS *v.* J. H. BOGGERS.

DIVORCE A VINCULO. *Alimony. How allowed.* In decreeing a divorce
· *a vinculo,* the court may award the wife all or any portion of the hus-
band's estate, whether in specie or otherwise, and without regard to
its location in this or another State, as the circumstances of the case
may demand; but it can make no order binding his future services
or earnings, as in cases of divorce *a mensa.*

Case cited: Chenault *v.* Chenault, 5 Sneed, 248.

FROM MEIGS.

Appeal from a decree of the Chancery Court at
Decatur, rendered at its March term, 1873. Hon.
D. M. KEY presiding.

W. L. HARBISON for complainant.

No brief on file for defendant.

McFARLAND, J., delivered the opinion of the court.

This is a bill for divorce from the bonds of mat-
rimony, which was granted, and from this part of the
decree there is no appeal. The Chancellor further
gave to the complainant all of the defendant's estate
in Meigs county, for the benefit of herself and two
children of the marriage. This, however, was of very
small value. The master further reported that the
defendant, now in the State of Texas, is worth from
five to ten thousand dollars; and upon this the Chan-
cellor gave the complainant a decree for $1,000, and

a decree for $200 to pay her cause, and awarded execution.

The defendant, by his solicitor, excepted to the report of the master, and appealed from this latter part of the decree.

The principle decided in *Chenault* v. *Chenault*, 5 Sneed, is certainly correct; that is, that where the divorce is only from bed and board, the marriage relation still subsists, and the husband is still bound to maintain his wife, and this duty the court may from time to time enforce; but where the divorce is from the bonds of matrimony, the obligation of the husband to support the wife no longer subsists, and no order or decree can be made upon the husband to bind his future services or earnings. In such case the court can only give the wife a decree for part or all that the defendant then owns, according to the circumstances. But we do not understand that the court is bound to give the property to the wife in specie. This would defeat the wife altogether in cases where the estate of the husband is in money. Nor do we deem it essential that the property or effects of the husband should be in this state. All that is important is that the decree shall be based upon an estimate of the defendant's estate at the present time, and shall not go beyond this.

The proof in this case upon which the master's report is founded, is a letter of the defendant, after the separation, in which he said he honestly believed himself to be worth from five to ten thousand dollars in American gold. We think this may be taken

with some grains of allowance, but think it sufficient to authorize the decree of the Chancellor.  Let it be affirmed with costs.