M. E. JARNIGAN v. J. M. JARNIGAN et al.

DOWER. A widow will not be estopped from asserting her claim to dower, by reason of a decree from bed and board in a divorce suit brought by her against her husband. A decree from bed and board will not defeat dower. Question as to the presumption of marriage discussed, citing 1 Coldwell, 626.

FROM COFFEE.

Writ of error from the Chancery Court at Manchester. A. S. MARKS, Ch.

PRICE & ISBELL for complainant.

STONE & CLARK for defendants.

FREEMAN, J., delivered the opinion of the court.

The original bill in this case is filed by complainant as widow of Alexander Jarnigan, who died in Coffee county in the year 1875, to set aside or have declared void so much of a deed to a tract of land made by her husband to his children, to the extent it affected her interest, as having been made with intent to defeat her dower, and as she says her homestead right in said lands.

The answer of respondents specifically denies the fraudulent intent charged—claims that by certain proceedings for divorce commenced by plaintiff against her husband, in which she obtained a decree for a divorce from bed and board, and had decreed to her absolutely

Jarnigan v. Jarnigan.

a fifty acre tract of land, therefore she was not entitled to dower; and says in general terms that neither now, nor at the date of the conveyance, did the complainant have any marital right in said land so as to affect the validity of the conveyance to the children.

The chancellor decreed that the deed was made to defeat the dower of complainant, and appointed commissioners to assign her dower, which has been done.

Respondents bring the case here by a writ of error. The Referees have reported in favor of affirming the decree of the chancellor, to which the second exceptions are filed.

First, the validity of the marriage has been brought in question by an exception to this report. The Commissioners have opened this question by assuming to decide it, and hold as their view of the law, that in a case like the present, where the widow claims dower as the wife of the husband while living, and resulted as such wife to dower on his decease, that parties having held themselves out to the world as husband and wife will be presumed in law to have been married, after cohabitation. For this they cite *Johnson* v. *Johnson*, 1 Cold., 626. We need but say, that the case cited is not authority for the conclusion reached by the Commission, in a case of dower, where the right depends on the fact that complainant was the wife of the deceased, and the question of her being the wife or lawfully married to the deceased is put in issue. On such an issue the marriage would have to be proven, and while reputation and cohabitation, together with the conduct of the parties might, in some

aspects of the question, be competent to show the fact, the law would not conclusively presume the fact from such circumstances.

The case is only authority for the proposition that the wife, after twenty-five years of cohabitation and birth of children, will not be permitted to assert the invalidity of the marriage, in order to maintain a supposed claim to property—the husband being still living. The court held, as a matter of public policy, this could not be done. That was quite a different case from the one assumed by the Commission, and to which they apply the principle stated.

But we need not discuss this question or decide it authoritatively either way, as on looking into the record we find the question of the validity of the marriage is not put in issue by the pleadings, nor any ground stated whatever in the pleadings on which such a defense to complainant's bill could have been raised, nor was it intended to be raised. The nearest to such a defense is a statement, not in the answer, but as the introductory matter to a cross-bill filed by the respondents, in which they seek to interpose an estoppel to the claim of dower, by reason of the fact that the deed to the children was attacked as voluntary or fraudulent in the divorce suit, and also to have the decree reformed so as to give complainant only a life estate in the land therein decreed to her.

The statement of this cross-bill is as follows: "That by way of cross-bill, they charge that A. Jarnigan and Martha E. Jarnigan pretended to intermarry during the late war, in Coffee county, where they lived together

in some sort of way until the — day of —— when they separated, and she filed a bill in the circuit court, for among other things, a divorce and alimony," etc.

This is only by way of inducement to raise the question of estoppel or *res adjudicata* under that decree, and to insist from this that the court could not now inquire into the validity of the deed conveying the land to the children. No relief is asked on this view, on the contrary, Mrs. Jarnigan is called the widow of her late deceased husband, and rights as such asked to be allowed her. It is clear this does not put in issue the validity of their marriage, nor is there an averment of a single fact on which its validity could be impeached, nor was it so intended, as shown by what follows, for this cross-bill seeks to enforce the estoppel in and by a decree then made in which the existence of the marital relation was assumed, as its sole basis, and alimony granted to complainant as the wife of Jarnigan.

This being so, the question of the validity of the marriage was not presented by the pleadings, and is not before this court, nor could any proper report have been made on the question by the Referees, nor decree by this court, as none was made by the chancellor.

Whether the parties were validly married not being in contest, not being in issue, the only question is, whether the decree and report affirming it is correct on the other ground of contest?

We hold they are. The conveyance to the children was made to defeat the right to dower of the wife, of this there can be no reasonable doubt. That the

State for use, etc., *v.* Elrod.

wife could not be estopped to assert her rights as to dower after the death of the husband, by reason of any thing decreed in the divorce proceedings is clear, because the right to dower had not accrued, the husband being still alive.

The decree from bed and board had no effect on the marital right of the wife to defeat her dower. The adultery of the wife, without elopement, has no effect to defeat dower, is also the established rule by the weight of authority, if not by all the authorittes.

The result is, the decree of the chancellor is affirmed, and the result reached by the Referees approved, but not the entire grounds on which any have put their conclusion.

The writ of error is dismissed with costs.