FLOY HUMPHREY MOUNT, Appellant, v. WILLIAM WILSON MOUNT, Appellee. —326 S. W. (2d) 493.

Western Section.   February 25, 1959.

Certiorari Denied by Supreme Court July 27, 1959.

Thomas F. Turley, Jr., Memphis, for appellant.

Blanchard S. Tual, Memphis, for appellee.

BEJACH, J.  For convenience, the parties hereto will be designated in this opinion, as in the lower court, as complainant and defendant, Mrs. Mount having been the

complainant and Mr. Mount the defendant, or they will be called by their respective names.

This cause is before us on its third appeal from the Chancery Court of Shelby County. The first appeal was from a decree of Hon. Hamilton E. Little, Chancellor, who has since died. The second and third appeals were from decrees of Chancellor Rives A. Manker. The cause originated by a bill for separate maintenance, later amended to pray for an absolute divorce. There was an answer and cross bill which prayed for an absolute divorce. On the hearing prior to the first appeal, Chancellor Little dismissed both the original bill and the cross bill, and made no provision for the support or maintenance of the complainant. On the first appeal, this Court reversed the Chancellor, granted to Mrs. Mount a decree of divorce on the ground of two years desertion, and also on the ground of cruel and inhuman treatment, and awarded alimony to Mrs. Mount, consisting of the defendant's interest in the home place owned by the parties as tenants by the entireties, together with all of the furniture therein, plus the monthly sum of $400 to be paid by defendant. Certiorari was granted by the Supreme Court, where the decree of this Court was reversed, as was also the decree of the Chancellor. From the decree entered in the Supreme Court, we quote, as follows:

.''It is therefore ordered and decreed by the Court that the decrees of the Chancellor and the Court of Appeals be reversed; and that this cause be remanded to the Chancery Court of Shelby County for further proceedings in accordance with the Court's opinion, a certified copy of which will accompany the procedendo on remand; and for the collection of the

cost of the court below, for all of which let proce-
dendo issue.''

From the opinion of the Supreme Court, written by
Mr. Chief Justice Neil, we quote as follows:

"We think the Chancellor erred in dismissing the
original bill as amended. When he examined the
parties in open court at the conclusion of the testi-
mony and learned from them that there was no pos-
sibility of a reconciliation, he should have entered a
decree from bed and board on behalf of Mrs. Mount
and made a proper allowance for her support, re-
taining the cause in court for such other and further
orders and decrees as future developments might
require.

"The Court of Appeals is reversed and the cause
is remanded for the entry of a decree in accordance
with this opinion. Pending the entry of any decree,
based upon any future hearing by the Chancellor,
the temporary allowance of $200.00 per month to
Mrs. Mount will remain in full force and effect. How-
ever, this may be increased or reduced as the Chan-
cellor may see fit.

"As to any further determination of the marital
and property rights of the parties, including an
allowance of additional counsel fees for Mrs. Mount's
solicitor, we leave to the sound judgment and dis-
cretion of the Chancellor.''

██ Divorce being exclusively a statutory right in
Tennessee, no divorce, either absolute or from bed and
board, should have been granted to either complianant or
defendant, unless on proof of one or more of the grounds

set. out in Sections 36-801 and 36-802 T. C. A. Lack of possibility of a reconciliation is not there enumerated. As has been said by Mr. Chief Justice Neil, speaking for the Supreme Court in Perrin v. Perrin, 201 Tenn. 354, 299 S. W. (2d) 19, at page 24: " * * * it must also be understood that the court cannot by judicial fiat add an additional ground for divorce that is unknown to the statute, 36-801 T. C. A." We can not question the validity of the divorce granted in the instant case, because the opinion of the Supreme Court herein and the decrees entered pursuant thereto have become the law of this case. Stargel v. Stargel, 21 Tenn. App. 193, 107 S. W. (2d) 520; Going v. Going, 148 Tenn. 522, 256 S. W. 890, 31 A. L. R. 633; Douglas v. Douglas, 156 Tenn. 655, 4 S. W. (2d) 358; Perrin v. Perrin, 201 Tenn. 354, 299 S. W. (2d) 19; and 3 Am. Jur.—Appeal and Error—Sections 1009 and 1158, pages 353 and 669.

After the remand by the Supreme Court, at a hearing before Chancellor Rives A. Manker, who had succeeded Hon. Hamilton E. Little, complainant was awarded a decree. of divorce from bed and board, together with an award .of $350.00 per month as alimony, and the additional sum of $500.00 as fee for services of her attorney. This decree provided, also, that after one year either party might apply to have the divorce made absolute. From the opinion of Chancellor Manker, we quote, as follows:

"From all of which it appears, and the Court finds, that the grounds alleged in complainant's original and amended and supplemental bills are true; that defendant is guilty of such cruel and inhuman treatment or conduct towards her as renders cohabitation

unsafe and improper and for her to be under his dominion and control, and that complainant is entitled to a decree from bed and board, as ordered and decreed by the Supreme Court.

"The Court further finds from its interpretation of the opinion of the Supreme Court and from the applicable law, that the property rights of these parties are not affected by this decree, but that defendant should contribute to complainant a reasonable amount for her support; that said sum is $300.00 per month; that as long, however, as defendant continues to occupy the furnished residence owned by these parties as tenants by the entireties, he should contribute the additional sum of $50.00 per month for complainant's support, and continue to maintain the monthly mortgage payments upon said property, in the approximate sum of $50.00, and the taxes and insurance thereon; further that the Court was not directed by the Supreme Court to fix in solido alimony for complainant, as prayed by her, during the time the bed and board divorce is in effect.

"The Court further finds that a reasonable fee for services to date for complainant's solicitor is the sum of $500.00, in addition to a like sum heretofore allowed.

"It is therefore, ordered, adjudged and decreed:

"1. That Floy Humphrey Mount, complainant herein, be and she is awarded a bed and board divorce from defendant, William Wilson Mount.

"2. That after the expiration of one year from the entry of this decree, either party may apply to make this divorce absolute.

"3. That defendant pay to complainant, beginning April 1, 1957, the sum of $350.00 per month as alimony, pending further orders of this Court, the cause being retained for all purposes.

"4. That defendant pay complainant's solicitor, Thomas F. Turley, Jr., the additional sum of $500.00 as fee for services rendered to complainant to date.

"5. The costs of this cause are adjudged against defendant, for all of which execution may issue.

"6. Defendant will maintain the mortgage payments, taxes, insurance and repairs upon the residence of these parties.

"To all of which, except the portion thereof decreeing her a divorce from bed and board as ordered by the Supreme Court, complainant respectfully excepts and prays an appeal to the next term of the Court of Appeals in Jackson, which appeal is granted, and complainant having tendered her pauper's oath for appeal, the same is ordered filed and the appeal stands perfected.''

On the second appeal, this Court reversed the Chancellor as to the amount of his award of counsel fees for complainant's lawyer, and, so as to transfer to complainant the title to one of the automobiles owned by defendant; but, in other respects, the Chancellor's decree was affirmed because, the divorce being from bed and board, only, it was the opinion of this Court that the Chancellor had not abused his discretion with reference to the award made by him pending the application for an absolute divorce. There was no petition for certiorari on the second appeal. From the opinion of this Court, on the second appeal, written by Carney, J., we quote as follows:

"The Chancellor was of opinion that $300.00 per month was a reasonable sum for the complainant's support, but in view of the fact that the defendant continued to live in the home owned by the parties as tenants by the entireties, the Chancellor ordered the defendant to pay to the complainant the sum of $350.00 per month as alimony and required the defendant to continue paying the monthly payments on the mortgage indebtedness on said home in the amount of approximately $48.00 per month.

"It is to be observed that the parties are still married and theoretically, at least, a reconciliation may occur within the year's legal separation provided by the Chancellor's decree, making a final adjudication of the property rights between the parties unnecessary.

"The general rule is that the trial court is vested with wide discretion in matters of divorce, alimony, attorney's fees, custody and support of minor children, and appellate courts will not interfere except upon a showing of an abuse of that discretion. Marmino v. Marmino, 34 Tenn. App. 352, 238 S. W. (2d) 105; Grant v. Grant, 39 Tenn. App. 539, 286 S. W. (2d) 349.

"Bearing this rule in mind, and bearing in mind that there will probably be a hearing by the Chancellor on a petition to make the divorce final and absolute, we feel constrained to overrule those assignments of error relating to the refusal of the Chancellor to decree to the wife full title to the home, the furniture and a portion of the life insurance.

\* \* \* \* \* \*

"It is apparent to this Court that the defendant has been rather callous in money matters toward the complainant since their separation. From November 19, 1954 through June 1955, the defendant did not contribute anything to the complainant's support. For the months of July, August, September and October 1955, he paid the sum of $250.00 per month pursuant to the order entered on June 27, 1955. The defendant paid $100.00 in December 1955 pursuant to an order of Chancellor Little which was subsequently withdrawn. The defendant paid nothing to the complainant for her support after December 1955 while her appeal was pending before the Supreme Court of Tennessee. Beginning in December 1956, it appears that the defendant paid to the complainant pursuant to the order of the Supreme Court $200.00 per month during the months of December 1956, January, February and March 1957.

"In March 1957, the defendant was ordered by Chancellor Manker to pay the $350.00 per month which is the subject of this appeal in this Court by Mrs. Mount. Thus, for the 29 months' period from November 1954 through March 1957, the defendant has contributed only $1900.00 to the support of the complainant, and all of this pursuant to court orders. However, it is to be noted that the $350.00 per month allowed by the Chancellor is only for the period covered by the divorce from bed and board and was clearly not intended by the Chancellor to be a final determination of the monthly support which the complainant would be entitled to if and when an absolute divorce should be awarded to her. We cannot say the Chancellor abused his discretion in failing to

allow Mrs. Mount more than $350.00 for the period of the divorce from bed and board and the assignment of error is therefore, respectfully overruled.

\* \* \* \* \* \*

"We think we should mention that our approval of the award of $350.00 per month by the Chancellor for the support of the complainant during the one year separation period under the divorce from bed and board in no wise indicates an opinion by this Court that such an amount would be adequate if and when the divorce should be made final and absolute."

This Court's opinion on the second appeal is in harmony with and is supported by many decisions of this state. See Chenault v. Chenault, 37 Tenn. 248; Boggers v. Boggers, 65 Tenn. 299, 300; Jarnigan v. Jarnigan, 80 Tenn. 292; Howell v. Thompson, 95 Tenn. 396, 32 S. W. 309; and Edwards v. Edwards, 8 Tenn. Civ. A. 482.

In the face of the above language quoted from the opinion of this Court, and notwithstanding the recital in his own decree granting a divorce from bed and board to Mrs. Mount, "that defendant is guilty of such cruel and inhuman treatment or conduct toward her as renders cohabitation unsafe and improper and for her to be under his dominion and control, and that complainant is entitled to a decree from bed and board, as ordered and decreed by Supreme Court", when the cause came on for hearing at the end of one year on Mrs. Mount's petition for an absolute divorce, which was granted. Chancellor Manker stated in his opinion that neither of the parties was at fault and that, therefore, he should merely divide their property between them without making any additional award in favor of Mrs. Mount as alimony,

either in solido or in futuro. A final decree was entered which makes absolute the bed and board divorce previously granted, but provides only for a division of property without awarding alimony; to all of which, except that portion of the decree which grants an absolute divorce, Mrs. Mount prayed and has perfected her appeal to this Court. In taking this view of the case, we think Chancellor Manker was clearly in error. He was not decreeing an absolute divorce pursuant to a bed and board divorce previously granted by Chancellor Little, nor was he taking further action on the procedendo of the Supreme Court. On the contrary, he was taking further and final action provided for in his own decree, awarding a bed and board divorce, in which he had expressly adjudged that the defendant was guilty of "such cruel and inhuman treatment or conduct towards the complainant as renders cohabitation unsafe and improper and for her to be under his dominion and control", which decree had become final, no appeal having been prayed from that portion of same. In any event, that decree, subject to certain minor modifications, had been approved by the Court of Appeals, with no petition for certiorari filed. In that situation, we think Mrs. Mount, as the prevailing party in the divorce litigation, should have been awarded substantial alimony, both in solido and, also, in futuro, and that, in refusing to make such award, the learned Chancellor definitely abused his discretion.

The making of an adequate award by this Court is simplified by reason of the fact that the parties stipulated, not only as to the amount of defendant's income, but also as to the extent and value of his property holdings. Three separate stipulations were filed, all of which ap-

pear in the record, two or them filed May 15, 1958, and the third filed May 26, 1958. From these stipulations, and as otherwise appears in the record, it is established that the defendant, William Wilson Mount, owns an unencumbered tract of land in Shelby County consisting of about five acres, known as the Kenwood and Ivanhoe property, the value of which is $6,000, and that the parties own as tenants by the entireties the property at 1064 Terry Circle, Memphis, Tennessee, in which they formerly resided, and in which the defendant is still residing, the value of which is $13,000 and which is subject to a mortgage or deed of trust in favor of the Equitable Life Assurance Society, the amount due under which, on May 13, 1958, was $3,350.89, repayable in monthly installments of $48.11. This mortgage is also secured by a policy of insurance on the life of defendant. The monthly payments include premiums on the policy as well as interest on and amortization of the amount due. In addition to the Equitable policy, defendant is insured under a group insurance policy of $20,000, which has no surrender value and, under three policies in the Northwestern National Life Insurance Company, two for $5,000 each and one for $10,000, which have an aggregate cash value of $3,062.40, but which are pledged as security for personal obligations of defendant. It is stipulated that defendant's salary from the Memphis Publishing Company is $300 per week, subject to a withholding tax of $49.90, and that his salary from St. Luke's Methodist Church is $2,700 per year, subject to a withholding tax of $600. In addition, the furniture in the home place at 1064 Terry Circle was appraised at $1,729.

Along with his answer to the petition of Mrs. Mount for absolute divorce, defendant filed an exhibit setting

out his expenses and indebtedness. According to this exhibit, he owes $15,448 and his monthly expenses amount to $1,803.61. It is apparent, if this statement is accepted as reflecting the facts, that defendant is living beyond his means and, also, that the monthly amount of his excess is approximately the same as the alimony which he has been paying under provisions of the bed and board divorce decree.

Since we have held that the Chancellor abused his discretion in refusing to award substantial alimony to the complainant, it becomes our duty, on this appeal, to award to complainant the measure of alimony which, in our opinion, should have been awarded by the Chancellor in the exercise of his sound discretion. We think the law in Tennessee on this subject, which we will now undertake to apply, is summarized in the case of Rush v. Rush, 33 Tenn. App. 496, 503-505, 232 S. W. (2d) 333, 336. From the opinion of this Court in that case, written by Anderson, P. J., we quote as follows:

"Alimony is allowed in recognition of the husband's common law liability to support the wife. The amount is in the sound discretion of the judge or chancellor and his action will not be disturbed except in a clear case of abuse of that discretion, Walden v. Walden, supra, (13 Tenn. App. 337, 344). No hard and fast rule can be laid down for the determination of the amount of the award or the form which it takes, and there has been no attempt in the adjudicated cases to do so. The facts and circumstances in each particular case must govern. While it has been said that where the award is in solido it is not usual to allow more than half of the husband's

estate after making deductions for his indebtedness, Stillman v. Stillman, 66 Tenn. 169, the authority of the court to award all or any part of the husband's estate according to the particular facts or circumstances has been recognized. Boggers v. Boggers, 65 Tenn. 299.

"In Williams v. Williams, 146 Tenn. 38, 44, 236 S. W. 938, 940, the court makes this pertinent statement: 'The husband owes the duty to his wife of rendering to her suitable support without reference to her financial condition. He ought not to be allowed to escape the performance of that duty by affording his wife cause for separation and placing her in a financial situation worse than it was before his misconduct brought about a legal separation.'

"Formerly, it was the uniform practice in a case of absolute divorce granted to the wife to award alimony in solido from such resources as the husband had at the time. Indeed, it was held that in such a case, the court had no power to bind the future earnings of the husband. Boggers v. Boggers, 65 Tenn. 299. See also Chenault v. Chenault, 37 Tenn. 248. While it is still the general rule to award alimony in gross where the estate of the husband is such as to serve the purpose of the law, a decree awarding alimony in futuro is valid and enforceable in this jurisdiction, and where the husband has no estate which will answer the purpose, but has an earning capacity, a monthly allowance to be paid by him by way of alimony, is authorized. Brown v. Brown, 156 Tenn. 619, 4 S. W. (2d) 345; Buchholtz v. Buchholtz, 175 Tenn. 87, 132 S. W. (2d) 208.

"Those cases in which an award in solido of from one-third to one-half of the husband's property have been made, were cases in which the property was of such a nature as that it reasonably could be expected that the wife would be able to derive from that portion, support comparable to that afforded her by the husband, leaving her, to paraphrase the words of the court in Williams v. Williams, supra, in no worse financial situation than she was in before the misconduct of the husband brought about the separation.

"In holding authorized under proper circumstances an award of alimony to be paid in monthly installments out of future earnings of the husband, our court has recognized that the great increase in recent years of the number of those who depend almost exclusively upon wages for a livelihood, has made impracticable in many cases an award in solido which will answer the exactions of the law. And we apprehend it to be the rule that in a case like the present, where the husband has no property except an interest in the home and in the household furnishings, his earning capacity is a factor to be considered in determining whether his entire interest in such property shall be given the wife, where the chancellor conceives to be proper an award in solido rather than an award in the form of monthly installments to be paid by the husband.

"This view finds recognition, impliedly at least, in the case of Taylor v. Taylor, 144 Tenn. 311, 232 S. W. 445."

■ In the instant case, we have the situation of a wife, the complainant, at the present time 46 years of age,

without any technical or professional training or experience, whose capacity for earning is, to say the least, extremely limited; whereas, on the other hand, the husband, the defendant, has an earning capacity in excess of $18,000 per year, who has, with the assistance and cooperation of his wife during the period of their married life, accumulated property worth approximately $25,000. We think all of the defendant's interest in the property at 1064 Terry Circle, Memphis, Tennessee, along with all of the household furniture, and with a requirement that the defendant be required to pay the monthly installments of $48.11 to the Equitable Life Assurance Society until the balance due on the indebtedness secured by the mortgage or trust deed encumbering said property is discharged in full, together with all of the defendant's right, title and interest in and to the insurance policy in the Equitable Life Assurance Society, issued in connection with such encumbrance on said property, should be divested out of defendant and vested in complainant. The defendant will be required to execute all assignments required by the Equitable Life Assurance Society or otherwise necessary for transferring his rights to complainant. In addition, the defendant should be required to pay alimony in futuro to complainant, in the monthly sum of $300, which is the same amount fixed by the Chancellor during the year intervening between the entry of the bed and board divorce and the decree of absolute divorce; and he should be required to pay the additional sum of $500 as attorney's fees for complainant's counsel. This will leave to defendant the unencumbered Kenwood and Ivanhoe property and all of his life insurance policies except the one in the Equitable Life Assurance Society. Furthermore, if the defendant's income from his per-

sonal employment continues to be as large in the future as it has been in the past, he will have remaining more than three-fourths of same for his own needs. If his income shrinks, the Chancellor will have authority to adjust the situation. Under all of the circumstances of this case, we think this is an equitable disposition of the matter.

It results that the decree of the Chancery Court must be reversed. A decree may be entered here in conformity with this opinion, after which this cause will be remanded to the Chancery Court of Shelby County with instructions to retain same in court for the enforcement of said decree, and for modification or alteration of the monthly sums to be paid by defendant, if and when circumstances warrant such modification or alteration. The costs of this cause, including those of the lower court, will be adjudged against the defendant, William Wilson Mount.

Avery, P.J. (Western Section) and Carney, J., concur.