Milligan, J.,
delivered the opinion of the Court.
This is a bill, filed in the Chancery Court at Nashville, for divorce. The bill alleges, that, in 1850, the complainant and defendant were married, in the State of Pennsylvania, and early in 1860, the complainant removed to Tennessee, where he has resided ever since. The defendant did not accompany her husband, as it is alleged, and “share his fortunes and destiny,” but remained behind, where, it is charged, she has been living in adultery, and in consequence of her illicit intercourse since the separation, has become the mother of two children, the paternity of which is denied by the complainant.
No plea or answer was filed by the wife, but it appears publication was regularly made, and a judgment pro confesso entered against the defendant. The proof establishes the adultery of the wife beyond controversy, but fails to show anything in relation to the complainant’s character for virtue and chastity since the separation. The Chancellor dismissed the bill, and there is an appeal in error prosecuted to this Court.
There is no error. in the decree of the Chancellor. The marriage contract is peculiar, arid in many respects different from all others. It is for life, and the parties have no power, by mutual consent, to dissolve it. The moment it is solemnized, society, for the wisest reasons, *377 is interested in the fidelity with which it shall be observed; and it cannot be annulled, without 'the consent of the tribunals of the country, specially clothed with such power. The law itself will not allow a divorce, even upon the solemn admission of the parties in the pleadings. The facts of the admission, necessary to predicate a decree upon, must be established by clear and satisfactory evidence. Were the law otherwise, the bonds of matrimony might be dissolved by collusion, fraud and intimidation, and the marriage relation, with all its blessings and sacred consequences, converted into an engine of mischief and crime. For the same wise reason, the principles of the law, justifying the dissolution of the bonds of matrimony, require the party making the application, to come into Cciurt with clean hands.
The Code, sec. 2460, declares: “If the cause assigned for divorce be adultery, it shall be a good defense, and perpetual bar to the same, if the defendant allege and prove,
1st, That the complainant has been guilty of a like crime.
2d, That the complainant has admitted the defendant into conjugal society and embraces, after knowledge of the criminal act.
3d, That the complainant, if. the husband, allowed of the wife’s prostitution, and received hire for them.
4th, That he exposed her to lewd company, whereby she became ensnared to the crime aforesaid.
The Statute requires that these defenses be alleged and proven, but it is not necessary that they be formally set up and re-tried upon a plea or answer. The *378 Court is bound to take judicial 'notice of the requirements of the Statute; and it must appear affirmatively, by satisfactory proof of good character, or otherwise, that none of those defenses exist, before the Court is authorized to dissolve so solemn a relation as that of husband and wife. And this is as necessary after judgment pro confesso, as after admission of the facts charged in the bill. The evidence, and not the pleadings and presumptions of law, constitute the ground of divorce; and no presumptions of good character or conduct which might arise, nothing appearing to the contrary in other cases, are sufficient, in cases of divorce, to supersede the necessity of affirmative proof.
Affirm the decree.