BERRY *v.* BERRY.

*(Jackson,* April Term, 1950.)

Opinion filed August 31, 1950.

HARPER & GALLIMORE, of Martin, JOHN W. HART, of Union City, for plaintiff in error.

MILES & MILES, of Union City, for defendant in error.

Mr. Chief Justice Neil delivered the opinion of the Court.

This is a divorce case in which both parties lost in the trial court and in the Court of Appeals. Both have filed petitions for certiorari. Frances Elizabeth Berry sought a divorce on the ground of cruel and inhuman treatment. The defendant filed an answer denying all the allegations of cruelty and by cross-bill sought a divorce from his wife on the grounds of cruel and inhuman treatment and adultery.

The circuit judge dismissed both the original bill and the cross-bill and awarded Mrs. Berry a separate maintenance in the amount of $150.00 per month. Both parties appealed to the Court of Appeals and that court affirmed the trial court.

Mrs. Berry has filed one assignment of error as follows:

"The Court of Appeals erred in affirming the Trial Judge's action in dismissing complainant's bill for divorce and refusing to grant her a divorce."

Immediately following the foregoing assignment of error there appear twenty-nine (29) "propositions of fact" in which the petitioner refers to the testimony of witnesses as supporting her insistence that she made a case of cruel and inhuman treatment, and the courts below committed error in deciding the issue against her.

Edward Banks Berry files only one assignment of error as follows: "The Court of Appeals erred in affirming the trial judges' action in dismissing defendant's cross-bill for a divorce and assessing the defendant with One Hundred Fifty Dollars ($150.00) per month for the support and maintenance of the complainant."

Following this assignment the petitioner makes response to each of the "propositions of fact" in his wife's petition, insisting that each and every "proposition" is untrue and that the evidence offered on his behalf sustains his insistence that his wife was guilty of cruel and inhuman treatment and also of adultery with one Paul Roper.

■■ We find a sharp conflict in the testimony upon every material issue. The courts below have concurred in finding that the evidence does not support the right of either of the parties to a divorce. In neither of the petitions for certiorari is the question raised as to the lack of jurisdiction of this Court to review the action of the lower courts because of a concurrent finding of fact. The parties have had a trial de novo upon every material issue both in the circuit court and the Court of Appeals. The assignment of error in each petition is based entirely upon erroneous conclusions as to what the evidence shows. In other words they contend (1) that the weight of the evidence for the wife is against the concurrent finding, (2) that the weight of the evidence

for the husband is against the concurrent finding, especially as to the wife's alleged adultery. But we are not permitted, on application for certiorari, to weigh the evidence to determine where the preponderance lies upon any issue of fact. The issues are foreclosed by the concurrent finding. Had the members of this Court been sitting in the place and stead of the learned trial judge we might have found the facts to be different from his finding; and had we heard the case de novo on appeal, as did the Court of Appeals, we might have differed from that court in its conclusions as to the factual questions. We grant the writ of certiorari in no case to review issues of fact. It is only where the concurrent finding is not supported by any material evidence that the writ is granted.

The case of *McClanahan* v. *McClanahan,* 104 Tenn. 217, 56 S. W. 858, has no application to the instant case. It is true that: "The publication of a false accusation of adultery by a husband against the wife constitutes cause for divorce.". *Beard* v. *Beard,* 158 Tenn. 437, 14 S. W. (2d) 745, 746, and cases cited. But before the charge can be made a ground for divorce it must be *false.* It cannot be said that every accusation of adultery constitutes cruel and inhuman treatment, as where the character of the accused is bad on the question of chastity, or when her conduct is such as to arouse grave suspicion of immorality in the minds of reasonable and unprejudiced persons. Where the wife, who is a cultured and refined lady, is charged with infidelity and such charge is made with an evil intent to degrade and humiliate her and *there is no evidence to sustain it,* as in *McClanahan* v. *McClanahan,* supra, a divorce should be granted on that ground alone.

The Court of Appeals in its opinion quoted the testimony of several witnesses as to conversations over the phone between Mrs. Berry and Paul Roper which reflected upon her virtue; they also expressed the opinion that her "reputation was not above suspicion". In commenting upon this evidence, and counter evidence that her character was good, the court said:

"As is seen much of the testimony above related is based on eavesdropping and gossip, and is such that the Court is not authorized in finding that she has been guilty of adultery.

"While ordinarily a false charge of adultery constitutes cruel and inhuman treatment, it must be said that the wife has not kept her reputation above suspicion, and the rule will not be applied in this case."

The trial judge, in referring to the conduct of both Mr. and Mrs. Berry, made the following observation: "Now, Mr. Berry, I am satisfied, is infatuated with another woman from this record. I think if a divorce were granted eventually he and this other woman would try to break up another home and marry. I think Mrs. Berry also hasn't been doing right from this record. She has been seeking to enjoy company at times when they should not have been there. Both have done wrong from this record, from the evidence the two sides have brought here."

After thus stating that "both sides had done wrong" the trial judge, feeling the great responsibility that rested upon him, admonished the complainant and the defendant, to try and become reconciled; that a separation at their age in life (they had been married about twenty-two (22) years or longer) would be disastrous for both of them, as well as their children. It appears

that the wife later agreed to a reconciliation, but Mr. Berry refused.

We have given every consideration to this case and feel that both writs should be denied.

All concur.