BALES *v.* BALES.

(No. 49321—Decided January 26, 1971.)

Common Pleas Court of Lake County, Domestic Relations Division.

*Mr. Clancy Strader*, for plaintiff.
*Messrs. Donaldson, Colgrove, Cardinal & Freed* and *Mr. Lester W. Donaldson*, for defendant.

PARKS, J.   This matter came on for hearing on the amended petition of the plaintiff seeking divorce, the answer to the amended petition, the cross-petition of the defendant seeking alimony only, and the evidence.

The evidence from both sides showed that the lives of the parties and their children were fraught with violence, vicious verbal vulgarities, threats from each to the other, along with disruption of their neighbors' lives and the community because of explosive outbursts that led to summonses and visits from the police department.

All this created a family and residential rebellion as relatives, friends and neighbors were forced to side with one or the other.

Hardest hit victims of this turmoil were the children, especially the oldest child.   He is a truly outstanding scholar, having graduated from high school with the highest honors during, but despite, this disruptive family life and is now a student at one of our state universities.

During this period, the physical health of both parties has deteriorated and this stormy surge of bitterness has been a traumatic jolt to the parties' mental well-being.

The court's observation of the intensity of the bitterness adduced by evidence and testimony all point to an obvious conclusion that this rancor will not dissipate until the matrimonial bonds are severed and a property settlement finalized.

The court finds that any domestic harmony which existed between these parties has been disrupted totally by violence, hatred and vulgarity.

The equitable doctrine of "clean hands" cannot compel continuance of a marriage so grossly detrimental to a husband, a wife, their children, their relatives and all others who come in contact with them.

The thrust of equitable maxims does not compel a domestic relations court to perpetuate a tragedy.

" In any matter concerning domestic relations, the court shall not be deemed to be deprived of its full equity powers and jurisdiction." R. C. 3105.20.

"A court with full equity power (R. C. 3105.20) cannot be compelled to a result which it declares to be inequitable by any proper application of any maxim of equity." *Newell* v. *Newell* (1970), 23 Ohio App. 2d 149, 151.

The "clean hands doctrine" must not be used as a sword and then, when inserted, brutally twisted to prolong suffering nor shall it be used as a shield to prolong a cruel, warped relationship repugnant to society.

Although the plaintiff has failed to maintain all the conditions, obligations and his responsibilities as a husband and father under the marriage contract, the instant fact situation dictates a clear responsibility upon this court to grant the divorce prayed for.

THEREFORE, it is the court's opinion that the plaintiff, Harold A. Bales, be granted a divorce from the defendant, Ann M. Bales, on the grounds of gross neglect of duty and extreme cruelty and that the cross-petition for alimony only be dismissed, all at plaintiff's costs.

*Divorce granted.*