287 So.2d 345 (1973)
Josefina De La PORTILLA, Appellant,
v.
Rafael De La PORTILLA, and Miriam Mulkay, Appellees.
Nos. 73-1019, 73-1092.
District Court of Appeal of Florida, Third District.
November 27, 1973.
Rehearing Denied January 21, 1974.
*346 Brigham & Brigham, Miami, for appellant.
Seymour Litman, Miami, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant takes this interlocutory appeal to review the chancellor's order striking appellant's first affirmative defense and dismissing appellant's counterclaim.
Plaintiff-appellee, Rafael De La Portilla, filed a petition for dissolution of marriage alleging that the marriage between him and appellant, his wife is irretrievably broken. In response thereto, appellant, Josefina De La Portilla, filed an answer in which she alleged that she and her husband, the appellee, were married in Cuba on August 27, 1940 and lived and cohabited together for some 33 years during which time she remained faithful to her husband and her marriage vows "to love, honor and cherish him until death do them part." That when her husband received his license to practice medicine in Miami, he rose rapidly in his profession, became a man of influence, and was devoted to his wife and family until he became acquainted with "a designing woman of comely appearance", who became his paramour and flattered, cajoled and wheedled appellee out of large sums of money and property, a separate residence and a late model automobile. By reason of the above, defendant-appellee raises the defense that plaintiff-husband has not come into equity with clean hands and that his allegation that the marriage is irretrievably broken is but a sham to attempt to shamefully and unconscionably to avoid his marital obligations.
Appellant also filed a counterclaim against her husband and his paramour in which she alleged that the counter-defendants knowingly wrongfully, maliciously and unlawfully conspired to invade the privacy of appellant by wrecking and destroying her marriage. That as a proximate cause thereof, appellant has been greatly and permanently damaged in her health.
The husband-appellee moved to strike both the appellant's counterclaim and affirmative defense of "unclean hands". A hearing was held thereon and thereafter the chancellor granted the husband's motions. This interlocutory appeal follows.
On appeal, appellant-wife first contends that the chancellor erred in finding that the invoking of the affirmative defense of the principle that he who comes into equity must come with clean hands is not available in a dissolution action.
This issue has been decided in Ryan v. Ryan, Fla. 1973, 277 So.2d 266, wherein the Florida Supreme Court has found "that by virtue of the new legislative action that the clean hands principle has been eliminated in marriage dissolution except for fraud and deceit. . ." [Emphasis supplied]. Thus, this argument of appellant must fail.
Appellant secondly contends that the chancellor erred in striking her counterclaim for "invasion of privacy".
Although appellant has cited many cases to support her contention, we could find no case wherein a wife has brought an action for invasion of privacy against a husband. More important, we are in agreement with the appellee that in reality appellant's counterclaim is one for alienation of affections and as such is prohibited by F.S. § 771.01 F.S.A. et seq., which abolishes *347 actions for alienation of affections and is a bar to civil actions for conspiracy to commit such acts. Liappas v. Augoustis, Fla. 1950, 47 So.2d 582. Thus, we hold that the chancellor was eminently correct in granting appellee's motion to strike the counterclaim.
Accordingly, the order of the court below is hereby affirmed.
Affirmed.