Wanda Faye Chapman CHASTAIN,
Petitioner,

v.

Harold Lamar CHASTAIN, Respondent.

Supreme Court of Tennessee.

Dec. 12, 1977.

Arthur Bass, Southeast Tennessee Legal Services, Chattanooga, for petitioner.

Carl W. Eshbaugh, Knoxville, for respondent.

OPINION

BROCK, Justice.

The plaintiff brought this action for divorce alleging that the defendant had abandoned her, or turned her out of doors, and refused or neglected to provide for her, a ground for divorce specified by T.C.A., § 36–802(3). The defendant failed to interpose any defense and a default judgment was accordingly taken against him. Thereafter, the case came on for hearing before the circuit judge and the testimony of the plaintiff established the allegations of her complaint. The proceedings from that point on are described in the narrative bill of exceptions as follows:

"As the plaintiff was leaving the witness box and her corroborating witness was coming forward to testify, the court, making reference to an infant which the plaintiff had with her in the courtroom, asked the plaintiff to whom the child

belonged. The plaintiff said the child was hers.

"The court then asked the plaintiff why, if she had a child, she had testified that no children were born to the marriage. The plaintiff replied that there were no children born to the marriage. The court then asked who the father of the child was, whereupon, the plaintiff explained that the father was a third party whom she had started seeing after separating from her husband.

"At this point the court announced that it was the intention of the court to dismiss the plaintiff's case in light of her adultery. Mr. Bass excepted."

The corroborating witness was never permitted to testify. In the final decree which was entered, the court gave as its reason for dismissing the complaint:

"The court was of the opinion that the plaintiff's action should be dismissed, as the court could not put its stamp of approval upon the plaintiff's admitted adultery."

The plaintiff appealed to the Court of Appeals which affirmed the dismissal. This Court granted certiorari.

I

Although this case presents several issues worthy of discussion, we pretermit all except the contention that the adultery of the plaintiff, in the particular circumstances shown in this case, does not constitute grounds for dismissing her complaint.

▉ Although some of our cases contain language to the effect that divorce cases are to be "tried as equity cases" or "according to the forms of chancery," the substantive law governing divorce in Tennessee is purely statutory; there is no common law of divorce. Both grounds for divorce and defenses against divorce actions are statutory. See *Perrin v. Perrin,* 201 Tenn. 354, 299 S.W.2d 19 (1957); *Mount v. Mount,* 46 Tenn.App. 30, 326 S.W.2d 493 (1959).

▉ An examination of the pertinent statutes indicates that recrimination is al-lowed as a defense only to a complaint for divorce based upon the ground of defendant's adultery. Thus, T.C.A., § 36–811, provides:

"If the cause assigned for the divorce be adultery, it shall be a good defense and perpetual bar to the same if the defendant allege and prove:

(1) That the complainant has been guilty of like act or crime."

However, the reported cases indicate that our courts have sometimes mistakenly treated the defense defined in T.C.A., § 36–818, as one of recrimination. See *Canning v. Canning,* 59 Tenn.App. 678, 443 S.W.2d 502 (1968). That Section provides:

"If the cause assigned for a divorce be any of those specified in § 36–802, the defendant may make defense by alleging and proving the ill conduct of the complainant as a <u>justifiable cause for the conduct complained of</u>, and on making out the defense to the satisfaction of the court, the bill may be dismissed with or without costs, in the discretion of the court." (Underscoring added.)

The "causes for divorce" specified in T.C.A., § 36–802, to which the defense authorized by T.C.A., § 36–818, may be interposed, are:

"(1) That the husband or wife is guilty of such cruel and inhuman treatment or conduct towards the spouse as renders cohabitation unsafe and improper.

"(2) That the husband has offered such indignities to the wife's person as to render her condition intolerable, and thereby forced her to withdraw.

"(3) That he has abandoned her, or turned her out of doors, and refused or neglected to provide for her."

▉ Therefore, it is our opinion that in a case such as this in which the ground for divorce is one of the "causes of divorce" specified by T.C.A., § 36–802, the "ill conduct" of the complainant may constitute a defense to the complaint only if such "ill conduct" is shown to be "a justifiable cause for the conduct complained of." For in-

stance, the defendant may neutralize his abandonment and failure to support his wife by showing that such misconduct on his part was brought about by her ill conduct toward him. See *McClanahan v. McClanahan,* 104 Tenn. 217, 56 S.W. 858 (1900).

■ Applying this rule to the facts of the instant case, it is obvious that the adultery of the plaintiff committed *after* the defendant husband had abandoned her and turned her out of doors and refused or neglected to provide for her could not have been "a justifiable cause" for the alleged abandonment on the part of the defendant. Therefore, in the circumstances of this particular case, plaintiff's adultery does not disentitle her to a divorce. This Court recently denied certiorari in a case in which the Court of Appeals had reached the same conclusion in an unreported opinion of that court.

## II

■ It has been suggested that although the adultery of the plaintiff under the facts of this case did not constitute a defense under T.C.A., § 36–818, and could not be asserted as recrimination under T.C.A., § 36–811, because the ground for divorce alleged by the plaintiff was not adultery, nevertheless, her act should repel her because of the equitable doctrine of unclean hands. We cannot agree; unclean hands is not listed as a statutory defense to an action for divorce and the more recent and better reasoned cases hold that, except for fraud and deceit upon the court, which are always available as defenses in any court, the clean hands principle does not apply in divorce litigation. *Bales v. Bales,* 33 Ohio Misc. 221, 294 N.E.2d 252 (1971); *Ryan v. Ryan,* Fla., 277 So.2d 266 (1973); *De La Portilla v. De La Portilla,* Fla.App., 287 So.2d 345 (1973).

A full scale application of the doctrine of unclean hands to divorce litigation would amount to an unwarranted extension by the courts of the doctrine of recrimination to all actions and grounds for divorce, whereas, the legislature has limited the defense of recrimination to actions for divorce which are based upon the adultery of the defendant. T.C.A., § 36–811.

■ There is respectable authority for not extending the recrimination defense in this manner. *Burch v. Burch,* 195 F.2d 799 (3d Cir. 1952). In the *Burch* case, it was held that since the legislature had enacted that the plaintiff's adultery should be a bar to divorce on the ground of defendant's adultery, as does our statute, T.C.A., § 36–811, recrimination was a bar in this instance but not in any other. We agree.

There are also good policy reasons for not extending the defense of recrimination. These reasons are well stated in 24 Am. Jur.2d *Divorce and Separation* § 226 (1966) as follows:

"However, the view that recrimination is an absolute [de]fense, to be applied without discretion, has frequently been condemned. When both parties have committed material offenses it is generally obvious that the marriage is beyond salvage; yet the rule that recrimination is an absolute defense leaves the parties legally bound to each other. This situation produces many evils: it promotes adulterous relationships; it increases the danger of giving birth to illegitimate children; it encourages collusive and uncontested divorces; it exerts a corrupting influence on the negotiations that precede a default divorce case, including the exaction of an unfair property settlement or alimony arrangement; and in community property states it leaves the management of the community property in the hands of the husband."

This very case is good evidence of the validity of some of these reasons.

## III

■ It has further been suggested that the plaintiff in this action may not have been a resident of Tennessee and, therefore the trial court may have been without jurisdiction of the parties. However, the plaintiff in her sworn complaint and in her testimony before the trial judge, stated that she was a bona fide resident of the state of

Tennessee and had been so for the required statutory period of time, although for a few days immediately prior to the date for the divorce hearing she had been visiting friends in north Georgia while maintaining her Tennessee domicile. Moreover, the trial court did not base its dismissal of the complaint upon any lack of residence on the part of the plaintiff but, on the contrary, stated in the final decree that "further, there was a jurisdictional question of residency, although the court was inclined to resolve this issue in the plaintiff's favor." Therefore, we find nothing in the record upon which to question the jurisdiction of the court to entertain this action.

For the reasons stated, we reverse the decrees of the Court of Appeals and of the trial court and remand this cause to the trial court for a new trial. Costs are adjudged against the defendant, Harold Lamar Chastain.

FONES and HENRY, JJ., concur.

HARBISON, J., dissents.

COOPER, C. J., joins in dissent.

HARBISON, Justice, dissenting.

I respectfully dissent. In my opinion a trial judge, even in the hearing of an uncontested divorce case, has discretion to dismiss the action when the proof shows that the complaining party admittedly has been guilty of adultery.

I am not in agreement with the majority opinion to the effect that the substantive law governing divorce is wholly statutory, and there are no principles of equity involved.

In the old case of *Cameron v. Cameron,* 42 Tenn. 375 (1865), the Court approved the dismissal of an uncontested divorce action brought by a husband against his wife on charges of adultery. In that case the guilt of the wife was clearly established, but the

action was dismissed because the proof failed "to show anything in relation to the complainant's character for virtue and chastity since the separation."

While the rules of pleading and practice have undergone many changes since the decision in that case, the following statement of equitable principles, in my opinion, has not changed:

> ". . . *the principles of the law, justifying the dissolution of the bonds of matrimony, require the party making the application, to come into court with clean hands.*" 42 Tenn. at 377. (Emphasis supplied.)

The defense of condonation is statutory in Tennessee only in adultery cases, T.C.A. § 36–811. It had its origin, however, in canon law and is applied in this state, apart from statute, to other charges, such as cruelty. *See* 24 Am.Jur.2d, *Divorce and Separation* § 202; *Schwalb v. Schwalb,* 39 Tenn. App. 306, 331, 282 S.W.2d 661 (1955).[1]

The defense of insanity is nowhere found in our divorce code, but it is well settled that persons who are non compos are not held responsible for their actions so as to entitle their spouses to divorce for conduct committed during periods of mental incapacity. *See Quinn v. Quinn,* 169 Tenn. 173, 83 S.W.2d 269 (1935); *Knight v. Knight,* 62 Tenn.App. 70, 75–76, 458 S.W.2d 803 (1970).[2]

Accordingly, in my view it is too restrictive to state that the entire subject of divorce is statutory and that no principles outside the statutes have application.

I do not disagree with the analysis of the specific statutes contained in the majority opinion, but I believe that the principle of recrimination, which itself is based upon that of unclean hands, has been extended by our cases beyond the literal wording of these statutes.

In the case of *Berry v. Berry,* 191 Tenn. 310, 232 S.W.2d 352 (1950), this Court af-

---

**1.** Other equitable principles, such as laches, are applied to divorce actions in many states. *See* Clark, Domestic Relations 371–372 (1969); Annot. 4 A.L.R.2d 1321 (1949).

**2.** As to circumstances under which a person adjudged insane may still be able to obtain a valid divorce, see *Turner v. Bell,* 198 Tenn. 232, 279 S.W.2d 71 (1955), cert. denied, 350 U.S. 842, 76 S.Ct. 83, 100 L.Ed. 751 (1955).

firmed the dismissal of actions brought both by the wife and by the husband, where each had established separate and independent grounds for divorce. The testimony showed that the wife had either been guilty of adultery or, at a minimum, that the husband's charges thereof were not frivolous and insubstantial. On the other hand the testimony showed that the husband had also been guilty of cruel and inhuman treatment. The Court upheld the action of the trial court in dismissing both actions. Similarly, in the case of *Brewies v. Brewies,* 27 Tenn.App. 68, 178 S.W.2d 84 (1943), the Court of Appeals reversed a judgment of the trial court in which a divorce had been awarded to each of the parties. In that case the Court followed what it considered to be the general rule, to the effect that where both parties have been guilty of statutory grounds for divorce, then neither is entitled to relief. This holding was discussed and the entire subject fully treated in the case of *Canning v. Canning,* 59 Tenn. App. 678, 443 S.W.2d 502 (1968). There adultery of the husband was held to defeat his claim for divorce because of his wife's cruelty.

While it may be that the majority opinion leaves a trial judge some discretion as to whether he will or will not disallow a divorce when the complaining party has been shown to be guilty of statutory grounds, it nevertheless reverses his exercise of that discretion in the present case, and I cannot agree to that decision. I can hardly think of a more indiscreet or bizarre disregard for the divorce court than for a woman to come to that court and seek to dissolve her marriage, bringing with her a child which she had conceived as a result of an illicit relationship with another man. If a divorce court does not have discretion to dismiss an action upon that sort of showing, then indeed I believe that it has almost no discretion and that the judge must grant a divorce to whichever of two guilty parties first files an action or appears before him.

The General Assembly of this state has recently adopted a limited "no-fault" statute under which a party may receive a divorce when it is uncontested that irreconcilable differences have occurred, and where the parties have agreed upon a disposition of their property or custody of their children.[3] Most of the older grounds for divorce contained in the Tennessee statutes, however, are based upon a fault principle, wisely or unwisely. Whether the principle of recrimination is or is not socially desirable or practically sound, it is, in my opinion, deeply embedded in the jurisprudence of this state and rests upon equitable, and not purely statutory, foundations.

In the same general encyclopedia quoted in the majority opinion[4] are found references to the views of the various states on the subject of recrimination. In some states, both parties to a divorce may be granted relief when there is a showing that each has committed statutory grounds. This alternative has been expressly rejected in Tennessee and, in my opinion, properly so. Other states have adopted the principle of "comparative rectitude" under which the trial judge weighs the relative fault of the parties and compares the morality of the different statutory grounds of divorce, allowing relief to the least guilty party, or the one deemed to have committed the less socially desirable acts. This principle, also, has been rejected in this state, as in the majority of states, and involves the court in moral and ethical considerations of statutory grounds which have been authorized by the legislature.

There is no ready or facile solution to the matter of mutual fault in divorce cases, absent the adoption of a general no-fault principle. While it may be well to leave the matter to the discretion of the trial judge, I think that such discretion was properly exercised in the present case and I would affirm the judgments of the courts below.

I am authorized to state that Mr. Chief Justice COOPER joins in this opinion.

---

**3.** Tenn.Pub. Acts 1977, ch. 107.

**4.** 24 Am.Jur.2d, *Divorce and Separation* §§ 226 et seq.