Norene Elizabeth CLARK,
Plaintiff-Appellant,

v.

William Ray CLARK,
Defendant-Appellee.

Court of Appeals of Tennessee,
Western Section.

April 12, 1982.

Application for Permission to Appeal
Denied by Supreme Court
Aug. 30, 1982.

J.B. Cobb, Memphis, for plaintiff-appellant.

Robert Rosenbush, Memphis, for defendant-appellee.

SUMMERS, Judge.

The sole question before this court is the interpretation of *Chastain v. Chastain,* 559 S.W.2d 933 (Tenn.1977), an opinion written by Justice Brock.

The Trial Court in the instant case relied on the *Chastain* case as authority for the proposition that acts occurring after separation cannot constitute grounds for divorce.

On September 28, 1977, prior to the Divorce Complaint which is the basis of this appeal, the defendant-appellee, William Ray Clark, filed a Complaint for Divorce in the Circuit Court of Shelby County, on the grounds of cruel and inhuman treatment. The plaintiff-appellant, Norene Elizabeth Clark filed an Answer and Cross-Complaint on the same grounds. Both the Original Complaint and the Cross-Complaint were dismissed with prejudice on November 17, 1978.

On January 24, 1979, Mrs. Clark filed a new Complaint for Divorce, alleging abandonment and non-support, and, alternatively, irreconcilable differences. This Complaint is the subject of this appeal.

On April 6, 1979, Mr. Clark filed an Answer and Counter-Complaint denying that he abandoned or refused to support Mrs. Clark, but admitted that irreconcilable differences did exist. In his Counter-Complaint, Mr. Clark alleged cruel and inhuman treatment and also in the alternative, irreconcilable differences.

Mr. Clark further alleged that the separation of the parties did not occur in November of 1978 but rather in September of 1977.

On November 13, 1979, Mrs. Clark, as Cross-Defendant, answered by denying cruel and inhuman treatment but further admitted that irreconcilable differences still existed between the parties.

On July 11, 1980, Mrs. Clark filed a Petition requesting that she be allowed to amend her Original Complaint to include:

Your Complaint would further ask this Court its permission to additionally amend her Complaint and to allege that since the separation of October 1, 1977. William Ray Clark, has been guilty of committing acts of adultery with another woman.

By requesting that her Original Complaint be amended, she acknowledged that October 1, 1977 was the date of the original separation of the parties.

At the hearing on July 14, 1980, the Trial Court allowed Mrs. Clark to amend her Complaint and include as additional grounds cruel and inhuman treatment and adultery.

The court denied Mrs. Clark a Final Decree of Divorce and stated the reason in its final order. The reason being:

In this case, Cause No. 68380, it is stipulated by counsel of the parties that the alleged acts of the parties are not a cause of separation or break-up of the marriage in that the alleged acts complained of as being the grounds for the divorce in this Cause occurred after the first divorce was dismissed on November 17, 1978 and there has been no reconciliation occurring between the parties since the dismissal of the original action on November 17, 1978.

This Court is therefore of the opinion that the original date of separation is and should be the date of separation as it was originally filed in Cause No. 60720, to-wit October 1, 1977.

That therefore, and following the doctrine of *Chastain v. Chastain,* [Tenn.], 559 S.W.2nd 933, there having been no reconciliation between the parties, then neither can use any act committed by the other party since the original separation as grounds for obtaining an absolute divorce from the other party since the acts complained of occurred *after* the original date of separation.

This Court is of the opinion that at best all that this Court can do is decree a finding for Separate Maintenance and Support if the facts should warrant, together with a division of some of the real or personal property, but not necessarily of the real or personal property, commensurate with the principles of equity and the needs of the parties.

To all of the above the Plaintiff, Norene Elizabeth Clark, respectfully accepts the ruling insofar as her inability to obtain an absolute divorce from the Defendant at this time even if the Court found that the facts so warranted, and prays a discretionary appeal to the Court of Appeals at Jackson, Tennessee which is hereby granted by this Court.

It is the contention of Mrs. Clark that the Trial Court's interpretation of the *Chastain* is erroneous, and we must agree. The Trial Court cited *Chastain* for the proposition that, where there is no reconciliation between the parties, no act occurring after the original date of separation can constitute grounds for divorce.

The *Chastain* case dealt with *defenses* to divorce and not *grounds* for divorce. In *Chastain* the time sequence of events was merely incidental to the logic of the *Chastain* decision. In *Chastain* the court is saying that the "ill conduct" may constitute a defense if it is shown to be "a justifiable cause for the conduct complained of." In *Chastain* the grounds had been established, and the "ill conduct" came at a later date. *Chastain* does not say that unless there is a reconciliation between the parties in a divorce action, no act occurring after the date of separation can be used as grounds for a divorce.

■ We hold that the law of divorce has been and still is that acts occurring after the separation can constitute grounds for divorce. See: *Schwalb v. Schwalb,* 39 Tenn.App. 306, 282 S.W.2d 661 (1955).

■ Judge Bejach writing for the court in *Schwalb, supra,* well explains the law in this state in regard to matters which occurred after the separation of the parties.

In *Schwalb* it is stated:

[4] The argument is made that it was improper for either the Chancellor or this Court to consider matters that occurred after the separation. There is no merit in this contention. Not only was it proper for the Chancellor to consider matters which occurred after the separation and before the filing of the bill for divorce, but, in addition, he could properly have considered matters which occurred after the filing of the bill if same had been

incorporated therein by amendment or supplemental bill. *Anderson v. Anderson,* 3 Tenn.Civ.App. 423.

We must conclude that public policy dictates against the holding of the Trial Court. It surely takes more than a mere separation of the parties to terminate the obligations incurred when the parties voluntarily entered into the marriage contract. If the Trial Court's interpretation of *Chastain* was correct, any party desiring to absolve himself or herself from all the responsibilities of the marriage vows need only to "separate"; said separation making any subsequent act immune from being used against the separating party.

Both case law and public policy support Mrs. Clark's contention that acts occurring after separation do and should constitute grounds for divorce.

The decision of the Trial Court is reversed and the cause remanded back to the Trial Court for further action not inconsistent with the decision of this Court.

The costs of this appeal are adjudged against the defendant-appellee, for which execution may issue if necessary.

TOMLIN, J., and WHITENTON, Special Judge, concur.

### JUDGMENT

This case coming on to be heard upon the record on appeal from the Circuit Court of Shelby County; upon consideration whereof, this Court is of opinion that in the judgment of the trial court there is reversible error.

In accordance with the opinion of the Court filed herein, it is therefore, ordered and adjudged by this Court that the judgment of the trial court is reversed. The case is remanded to the Circuit Court of Shelby County for the execution of the judgment of that Court and for the collection of the costs accrued below.

Costs of this appeal are adjudged against the defendant-appellee, for which let execution issue.

TOMLIN, J., and WHITENTON, Special Judge, concur.