**Dorothy Marie HARWELL,**
**Plaintiff–Appellee,**

**v.**

**William Emerson HARWELL,**
**Defendant–Appellant.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Aug. 12, 1988.

J. Stephen Brown, Lebanon, for defendant-appellant.

Jack Norman, Jr., Nashville, for plaintiff-appellee.

OPINION

FRANKS, Judge.

This appeal presents the issue of whether the adultery of the husband is a bar to his obtaining a divorce on the ground the parties have lived at separate residences for more than three years, without cohabiting as man and wife during the period and have no minor children, as established by

T.C.A., § 36–4–101(12).[1]

On February 18, 1983, the wife was awarded a decree of separate maintenance and it was established in that proceeding that the husband was engaging in an adulterous relationship.

On May 7, 1985, the husband filed a complaint for an absolute divorce, averring more than two years had elapsed since the entry of the final decree for separate maintenance and a divorce should be granted pursuant to T.C.A., § 36–4–102. On November 17, 1987, he filed an amended complaint alleging, alternatively, he was entitled to a divorce pursuant to § 36–4–101(12).

The evidence established the husband continued to engage in an adulterous relationship but established all of the requirements set forth in § 36–4–101(12).

The trial court, in dismissing the husband's action, held:

> That by the passage of T.C.A. § 36–4–101(12), it was not the Legislative intent to circumvent the terms and provisions of the separate maintenance decree previously entered in this cause, or to reward the husband by granting him an absolute divorce and relieving him of the obligations imposed by the separate maintenance decree, when the proof shows that the husband, by his own admission, has continuously been guilty of adultery....

Clearly, the husband is not entitled to a divorce pursuant to T.C.A., § 36–4–102. The issue thus becomes whether his adulterous conduct is a bar to his obtaining a divorce on the ground which he established pursuant to § 36–4–101(12).

■ Defenses to divorce actions are statutory. *Chastain v. Chastain*, 559 S.W.2d 933 (Tenn.1977).[2] The statutory defense of recrimination set forth in T.C.A., § 36–4–112 may be a defense to a complaint for divorce based upon defendant's adultery where the complainant has "been guilty of like act". This defense has no application to the facts of this case. *Chastain.*

Another statutory defense set forth in T.C.A., § 36–4–120 provides if the ground for divorce is specified in T.C.A., § 36–4–102, the defendant may, as a defense to the action, allege and prove the ill-conduct of the complainant as a "justifiable cause for the conduct complained of." This statutory defense by its terms is not applicable to the ground for divorce proved by the husband. *Chastain. Also see Fox v. Fox*, 676 S.W.2d 956 (Tenn.1984).

■ T.C.A., § 36–4–101(12) is unequivocal and, under the statutory scheme as interpreted in *Chastain*, the defense of adultery is not a defense to the granting of a divorce where this ground is established by the evidence.

Accordingly, we reverse the judgment of the trial court and remand the cause for the entry of a divorce decree. We share the concerns expressed by the trial judge for suitable support and maintenance for the wife. Upon remand, the trial judge is directed to make an equitable property settlement and award suitable support and maintenance to the wife, pursuant to T.C.A., § 36–5–101, which does not leave her in a worse financial situation than before the divorce. *See Shackleford v. Shackleford*, 611 S.W.2d 598 (Tenn.App. 1980).

In our discretion, the cost of the appeal is assessed to the husband.

TODD, P.J., and CANTRELL, J., concur.

1. T.C.A., § 36–4–101. *Grounds for divorce from bonds of matrimony.*—The following shall be causes of divorce from the bonds of matrimony:

> .    .    .    .    .

> (12) That for a continuous period of three (3) or more years which commenced prior to or after April 18, 1985, both parties have lived in separate residences, have not cohabitated as man and wife during such period, and there are no minor children of the parties.

2. There are certain equitable defenses such as fraud and deceit but not the doctrine of unclean hands, which was expressly rejected by the majority in *Chastain.*