IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 24, 2012 Session

## TORRIE SCHNEIDER LONGANACRE v. MATTHEW ROBERT LONGANACRE

**Appeal from the Chancery Court for Montgomery County**
**No. MCCHCVDI10490      Laurence M. McMillan, Chancellor**

**No. M2012-00161-COA-R3-CV - Filed January 16, 2013**

FRANK G. CLEMENT, JR., J., concurring.

I fully concur with the decision to affirm the trial court in all respects; I write separately to address the emphasis on reconciliation as a predicate to granting Wife a legal separation for two years even though Husband failed to prove any ground upon which he would be entitled to a divorce. I fully recognize that the trial court had the discretion to grant or deny Wife's request for a legal separation; however, based upon the facts of this case, I submit the only party who would have a basis to appeal the grant or denial of a legal separation would be Wife, not Husband. This is because Husband failed to prove any ground upon which he would be entitled to a divorce at the time of the hearing.

In Tennessee, grounds and defenses for divorce are purely statutory. *Chastain v. Chastain*, 559 S.W.2d 933, 934 (Tenn. 1977). There are fifteen grounds for divorce in Tennessee. *See* Tenn. Code Ann. § 36-4-101(1)-(15). All but one of these grounds is fault-based; the one that is not fault-based is set forth at subsection (15), which states: "For a continuous period of two (2) or more years that commenced prior to or after April 18, 1985, both parties have lived in separate residences, have not cohabited as man and wife during such period, and there are no minor children of the parties." When this case was heard by the trial court, Husband and Wife had not been separated for two or more years; thus, this was not a basis upon which either party would have been entitled to a divorce.

As an alternative to the fifteen grounds for divorce stated above, the General Assembly affords a temporary statutory remedy, that of a legal separation for up to two years. Tenn. Code Ann. § 36-4-102. This is the statute addressed in the opinion that is the subject of my concurrence. It provides:

(a) *A party who alleges grounds for divorce from the bonds of matrimony may, as an alternative to filing a complaint for divorce, file a complaint for legal separation.* Such complaint shall set forth the grounds for legal separation in substantially the language of § 36-4-101 and pray only for legal separation or for such other and further relief to which complainant may think to be entitled. The other party may deny the existence of grounds for divorce but, unless the other party specifically objects to the granting of an order of legal separation, the court shall declare the parties to be legally separated.

(b) *If the other party specifically objects to legal separation, the court may, after a hearing, grant an order of legal separation, notwithstanding such objections if grounds are established pursuant to § 36-4-101. The court also has the power to grant an absolute divorce to either party where there has been an order of legal separation for more than two (2) years upon a petition being filed by either party that sets forth the original order for legal separation and that the parties have not become reconciled.* The court granting the divorce shall make a final and complete adjudication of the support and property rights of the parties. *However, nothing in this subsection (b) shall preclude the court from granting an absolute divorce before the two-year period has expired.*

(c) Legal separation shall not affect the bonds of matrimony but shall permit the parties to cease matrimonial cohabitation. The court may provide for matters such as child custody, visitation, support and property issues during legal separation upon motion by either party or by agreement of the parties.

(d) *Notwithstanding this section, a party who can establish grounds for divorce from the bonds of matrimony pursuant to § 36-4-101 shall be entitled to an absolute divorce pursuant to the provisions of this chapter.*

Tenn. Code Ann. § 36-4-102 (emphasis added).

I placed emphasis on four provisions of the statute. The first provision affords a spouse the right to a legal separation if a ground under § 36-4-101 is established. The second affords the other spouse the right to object to a legal separation. The third provision, which I submit is paramount to the narrow issue in this concurrence, affords the court the power to grant an absolute divorce to either party where there has been an order of legal separation for more than two (2) years upon a petition being filed by either party that sets forth the original order for legal separation and the parties have not become reconciled. The two remaining

provisions afford the trial court the discretion to declare the parties divorced instead of granting a legal separation for two years.

I find it significant that the last sentence in subsection (b) affords the trial court the power to grant an absolute divorce before the two-year period has expired; however, the provision does *not* afford the spouse who did not prove a ground for divorce the *right* to a divorce, even if reconciliation is not plausible. The distinction I am making is that the court has the power to declare the parties divorced before the two-year period has expired but the section does not give the objecting spouse the *right* to demand such or to complain on appeal if the trial court does not grant the divorce before the parties have been separated for two years.

But for subsection (15) of the divorce statute, which provides a ground for divorce when both parties have lived in separate residences and have not cohabited as man and wife for a period of two years or more,[1] and subsection (14), irreconcilable differences, all statutory grounds for divorce are fault-based. Thus, I submit the General Assembly would have had no reason to enact Tennessee Code Annotated § 36-4-102 if, notwithstanding failing to prove any ground upon which he was entitled to a divorce, that spouse is afforded the *right to demand a divorce* without a statutory ground.

I refer to *Edmisten v. Edmisten*, No. M2001-00081-COA-R3-CV, 2003 WL 21077990 (Tenn. Ct. App. May 13, 2003) to emphasize this point. In that case, the wife filed a complaint for separate support and maintenance from her husband; she sought alimony pendente lite and permanent alimony, division of the marital property, continuation of her health insurance, and continuation of her status as beneficiary on the husband's life insurance. *Id*. In her complaint, the wife alleged, *inter alia*, that Husband committed adultery. *Id.* at *1. The fact most significant to the decision reached by this court in *Edmisten* was that the parties were separated for more than two years during the pendency of the wife's petition and that, in the interim, a new provision was added to Tennessee Code Annotated § 36-4-101 with the enactment of 1998 Tenn. Pub. Acts ch. 1059. *Id*. at *4. The new provision is codified as subsection (15). As noted above, this subsection affords either party, regardless of fault, the right to a divorce if the parties have been separated for two years or more.[2] The husband strategically amended his pleading to seek a divorce on the ground the parties had

---

[1]Provided also that there are no minor children of the parties. *See* Tenn. Code Ann. § 36-4-101(15).

[2]Prior to the 1998 amendment, the defense was available for any cause for divorce "specified in § 36-4-102," and the grounds then listed in § 36-4-102 (grounds for divorce from bed and board or from the bonds of matrimony) were inappropriate marital conduct, indignities to the person forcing the wife to withdraw, and abandonment. The separation for two years ground was not included. *See* 1998 Tenn. Pub. Acts ch. 1059, sec. 11, which became effective January 1, 1999.

already been separated for more than two years; thus, opposing the wife's prayer for a legal separation. *Id.* at \*2. The wife, however, opposed the divorce and the trial court dismissed the husband's counter-complaint, awarded the wife a legal separation, divided the marital property, and awarded alimony in futuro to Wife. *Id.* The husband appealed challenging, *inter alia*, the trial court's decision not to award a divorce. *Id.* at \*3. This court reversed the trial court's decision to deny the husband's request for a divorce on the basis of subsection (15) of Tennessee Code Annotated § 36-4-101 because the husband had established a ground upon which he was entitled to a divorce, subsection (15). *Id.* at \*10. As this court explained:

> Husband proved, and Wife acknowledged, the existence of grounds for divorce in that the parties, with no minor children, had lived separately for more than two years. Tenn. Code Ann. § 36-4-101(15). There exists no statutory defense to this ground, and we have concluded the doctrine of unclean hands is inapplicable under the facts of this case to deprive Husband of his right to relief provided by the legislature. Wife's action for legal separation does not deprive Husband of entitlement to divorce upon proof of grounds. Tenn. Code Ann. § 36-4-102(d). Accordingly, we declare the parties divorced pursuant to Tenn. Code Ann. § 36-4-129 and modify the trial court's judgment accordingly.

*Id.*

The critical distinction between the facts at bar and those in *Edmisten* is that, in this case, Husband did not establish a ground upon which he is entitled to a divorce, at least not at the time of the hearing.

In furtherance of my position that Husband does not have a *right* to a divorce and, thus, he does not have a right to complain on appeal that he was not granted a divorce, I rely on subsection (d) of Tennessee Code Annotated § 36-4-102, which provides: "Notwithstanding this section, *a party who can establish grounds for divorce* from the bonds of matrimony pursuant to § 36-4-101 shall be entitled to an absolute divorce pursuant to the provisions of this chapter." (emphasis added). To afford Husband the right to demand a divorce or to complain that the trial court abused its discretion in denying him a divorce based upon the facts of this case would be contrary to the clear language of Tennessee Code Annotated § 36-4-102 and would, in effect, add a ground not afforded under § 36-4-101.

As *Edmisten* further observed, Tennessee Code Annotated § 36-4-101(15) is unequivocal and now "the defense of adultery is not a defense to the granting of a divorce where [subsection (15)] is established by the evidence." *Edmisten*, 2003 WL 21077990, at \*4 (citing *Harwell*, 762 S.W.2d at 141).

-4-

As a non-fault based ground for divorce, the two year separation ground is not subject to fault based defenses. In his dissent in *Thomasson*, Justice Drowota used the 1985 enactment of the ground of continuous non-cohabitation for a specified period (now Tenn. Code Ann. § 36-4-101(15)) as an example of "a significant shift from the earlier policy of the state characterizing divorce as a remedy for the innocent against the guilty. For persons proceeding under these grounds, fault is simply not at issue." 755 S.W.2d at 790.

*Id*. (footnote omitted).

For the foregoing reasons, Husband had to establish that *he* has a ground for divorce to be entitled to demand a divorce or to complain on appeal that the trial court abused its discretion by granting Wife a legal separation for two years.

As a final comment, I recognize the trial court had the discretion to declare the parties divorced pursuant to Tennessee Code Annotated § 36-4-129(b) rather than awarding a divorce to either party against the other; however, a ground for divorce must have been established or stipulated. Further, this alternative is often used when minor children are involved to avoid casting a dark cloud over one of the parents; it is also often used when the parties stipulate to the divorce. This provision notwithstanding, I stand upon the belief that Husband does not have the *right* to a divorce pursuant to Tennessee Code Annotated § 36-4-102, whether or not reunification was possible or probable.

For the foregoing reasons, I concur with the decision to affirm the trial court.

_____
FRANK G. CLEMENT, JR., JUDGE