# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
June 21, 2016 Session

## DAVID CLARENCE COOK v. MARY ELIZABETH COOK

**Appeal from the Chancery Court for Anderson County**
**No. 13CH5836          M. Nichole Cantrell, Chancellor**

———————————————————————

**No. E2016-00042-COA-R3-CV-FILED-JULY 5, 2016**

———————————————————————

This appeal stems from a final judgment of divorce entered in the Anderson County Chancery Court. Wife appeals several issues, including the propriety of the trial court's decision to grant a divorce based on irreconcilable differences in the absence of an agreed written marital dissolution agreement. Upon review of the record transmitted to us on appeal, we agree that because there was no written marital dissolution agreement, the trial court erred in granting the divorce between the parties on the basis of irreconcilable differences. Accordingly, we vacate the trial court's final judgment and remand for such further proceedings as are necessary and consistent with this Opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, J., joined.

Vivian L. Crandall, Oak Ridge, Tennessee, for the appellant, Mary Elizabeth Cook.

Amanda Inman Lowe, Clinton, Tennessee, for the appellee, David Clarence Cook.

## MEMORANDUM OPINION[1]

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

## Background

The parties in this case married on July 10, 1984. Husband David Cook ("Mr. Cook") has a high school education and currently works at the Oak Ridge National Laboratory. Wife Mary Cook ("Mrs. Cook") has a college education and is a retired schoolteacher. No children were born of the parties' marriage. After several decades of marriage, Mr. and Mrs. Cook separated in October 2013.

On November 1, 2013, Mr. Cook filed a complaint for divorce in the Anderson County Chancery Court. As the sole ground for divorce, the complaint alleged that irreconcilable differences had arisen between the parties. In addition to praying that the trial court approve any marital dissolution agreement that the parties reached, the complaint alternatively requested that the trial court equitably divide the parties' debts and assets.

Mrs. Cook filed her answer to the complaint on January 21, 2014. Although her answer admitted that irreconcilable differences had developed between the parties, Mrs. Cook denied that the trial court had any authority to divide the parties' marital estate. Observing that Mr. Cook had only pled irreconcilable differences as the basis for divorce, Mrs. Cook stated as follows: "[The trial court] only has jurisdiction to approve an agreed division by the parties of the marital estate which has been reduced to a writing and is signed by them both, upon a finding that such is fair and equitable[.]"

Although the parties were subsequently ordered to mediate the case, mediation did not yield a final resolution of the parties' respective issues. On June 2, 2015, Mr. Cook filed a motion to amend his complaint. In relevant part, the motion recited as follows:

> 2. At the time the divorce complaint was filed, Plaintiff believed this would be a simple no-fault divorce action. In fact, Plaintiff would show unto the Court that the Complaint was filed as an irreconcilable differences divorce in an effort to avoid the rancor and any excessive divisiveness in obtaining a divorce. Defendant answered the Complaint as an irreconcilable differences divorce, without filing a Counter Complaint.
>
> 3. Plaintiff would show unto the Court that despite attempts to bring this matter to a conclusion through mediation, the generous offer of settlement submitted to Defendant's attorney, and his responses to discovery that should have been unnecessary for a "no-fault" divorce action, it is apparent that no agreement can be reached with the Defendant.
>
> 4. Plaintiff therefore wishes to amend his *Complaint for Divorce* to allege grounds of inappropriate marital conduct, intolerable cruelty, and alienation and/or emotional abandonment by Defendant.

On July 9, 2015, an agreed order was entered granting Mr. Cook leave to file an amended complaint. The amended complaint, which was subsequently filed on July 16, 2015, alleged fault-based grounds for divorce in addition to the assertion that irreconcilable differences existed. In claiming that Mrs. Cook was at fault for the deterioration of their marriage, Mr. Cook stated specifically as follows: "Defendant is guilty of inappropriate marital conduct in accordance with T.C.A. §36-4-101[11] and of emotional abandonment and/or alienation in accordance with T.C.A. §36-4-101[13]."

The trial in this matter was held over three days at the beginning of October 2015. Approximately two months later, on December 3, 2015, the trial court entered its final judgment of divorce in the case.[2] Therein, the parties were granted a divorce based upon irreconcilable differences, and the trial court then proceeded to make an equitable division of the parties' property. As support for granting the divorce, the trial court referenced the authority in Tennessee Code Annotated section 36-4-129,[3] which permits parties to stipulate to grounds for divorce. The trial court also cited to this Court's prior decision in *Earls v. Earls*, 42 S.W.3d 877 (Tenn. Ct. App. 2000). Notably, the trial court's order did not include any other basis for granting the divorce and stated that no evidence was presented to legally establish fault by either party. The trial court's specific reliance on the *Earls* case and Tennessee Code Annotated section 36-4-129 is evident in its prior oral ruling made at the conclusion of the proof:

> [A]ccording to TCA 36-4-129, which states that upon stipulation to or proof of any ground of divorce pursuant to 36-4-101, the Court may grant a divorce to the party who is less at fault or, if the grounds are to be irreconcilable differences, declare that the parties be divorced, rather than awarding a divorce to either party. That's what the Court's going to do in this case. It's going to declare that there are irreconcilable differences between the parties and grant

---

[2] We observe that the trial court's judgment was entered *nunc pro tunc* to October 8, 2015.

[3] In full, Tennessee Code Annotated section 36-4-129 provides as follows:

> (a) In all actions for divorce from the bonds of matrimony or legal separation the parties may stipulate as to grounds and/or defenses.
>
> (b) The court may, upon stipulation to or proof of any ground of divorce pursuant to § 36-4-101, grant a divorce to the party who was less at fault or, if either or both parties are entitled to a divorce or if a divorce is to be granted on the grounds of irreconcilable differences, declare the parties to be divorced, rather than awarding a divorce to either party alone.

Tenn. Code Ann. § 36-4-129 (2014).

an order that they be divorced instead of granting a divorce to either party. Therefore -- and one of the cases that I looked at that says that this type of ruling is appropriate is *Earls v. Earls*, which is 42 S.W.3d 877 that says, Where the parties' relationship has disintegrated over time, that a ruling of irreconcilable differences is appropriate instead of making a finding that one party may be guilty of inappropriate marital conduct.[4] Therefore, the divorce is granted on the grounds of irreconcilable differences, and the Court declares these parties divorced rather than awarding either party a divorce on any other grounds.

Although it is undisputed that the parties had not entered into a written martial dissolution agreement by the time of trial, the trial court nonetheless granted the divorce and divided the marital debts and assets. Following the trial court's entry of final judgment, Mrs. Cook filed a timely notice of appeal to this Court.

## Discussion

In reviewing findings of fact by the trial court, our standard of review is de novo "upon the record of the trial court, accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise." Tenn. R. App. P. 13(d). Although we also review a trial court's conclusions on questions of law de novo, no presumption of correctness attaches to the trial court's legal conclusions. *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). In Tennessee, the substantive law governing divorce is purely statutory; both the grounds for divorce and the defenses against divorce actions are statutory. *Chastain v. Chastain*, 559 S.W.2d 933, 934 (Tenn. 1977) (citations omitted). "When courts are called upon to construe a statute, their goal is to give full effect to the General Assembly's purpose, stopping just short of exceeding its intended scope." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 526 (Tenn. 2010) (citations omitted). We must always begin with the words that the General Assembly has chosen and give these words their natural and ordinary meaning. *Id.* (citations omitted). If a statute's text is clear, we "need not look beyond the statute itself to ascertain its meaning." *Id.* at 527 (citations omitted).

On appeal, Mrs. Cook's brief contains several arguments as to how the trial court erred in the course of the divorce proceedings. Having reviewed them all, however, we conclude that one issue pretermits discussion of the other raised concerns. In pertinent part, Mrs. Cook asserts that the trial court erred in declaring the parties divorced on the grounds of

---

[4] Although the opinion from *Earls* did reference the fact that the parties' relationship in that case had disintegrated over time and that the parties had irreconcilable differences, the trial court's interpretation of the holding from *Earls* was erroneous. A close reading of the opinion shows that we concluded that the trial court in that case should have declared the parties divorced in accordance with Tennessee Code Annotated section 36-4-129(b) *due to sufficient proof of inappropriate marital conduct*. *Earls*, 42 S.W.3d at 884.

irreconcilable differences when (1) the parties did not present a written and signed marital dissolution agreement and (2) Mr. Cook failed to prove an entitlement to divorce based on another statutory ground. We agree with Mrs. Cook that these considerations countenance against the trial court's decision to grant a divorce. The language outlined in Tennessee Code Annotated section 36-4-103(b) is unwavering:

> No divorce shall be granted on the ground of irreconcilable differences unless the court affirmatively finds in its decree that the parties have made adequate and sufficient provision by written agreement for the custody and maintenance of any children of that marriage and for the equitable settlement of any property rights between the parties.

Tenn. Code Ann. § 36-4-103(b) (2014). As we have already noted, the parties did not enter into a marital dissolution agreement in this case. Accordingly, the trial court's decision to grant a divorce on irreconcilable differences was in error. Although the trial court could have granted a divorce and equitably divided the parties' property if Mr. Cook had proven his asserted fault-based grounds for divorce, the trial court concluded that Mr. Cook failed to prove fault on the part of Mrs. Cook. Mr. Cook has not challenged the trial court's findings in this regard on appeal.[5]

Although the trial court referenced the *Earls* case as support for its decision to grant the divorce, its reliance on that case was misplaced. As we stated in footnote four to this Opinion, the trial court's interpretation of the holding from *Earls* was erroneous. Contrary to the statements the trial court made in its oral ruling following trial, the *Earls* case did not involve a divorce granted on irreconcilable differences. Rather, we determined in *Earls* that a divorce was appropriate based on sufficient proof of the parties' inappropriate marital conduct. *Earls*, 42 S.W.3d at 884. In any event, there is nothing in the *Earls* opinion to support the notion that a divorce could be granted on irreconcilable differences in the absence of a written agreement that equitably settles the property rights between the parties. Even assuming that such a reading of *Earls* was viable, which it is not, we note that it would conflict with the clear statutory language outlined in Tennessee Code Annotated section 36-4-103(b). "No divorce shall be granted on the ground of irreconcilable differences unless the court affirmatively finds in its decree that the parties have made adequate and sufficient provision by written agreement . . . for the equitable settlement of any property rights between the parties." Tenn. Code Ann. § 36-4-103(b) (2014). In contrast to this Court's finding in *Earls* that adequate proof of a fault-based ground for divorce existed, this case lacks such a finding of fault. The trial court in this case only granted a divorce on irreconcilable differences, and Mr. Cook has not appealed the trial court's decision to not

---

[5] In fact, his brief specifically states as follows: "Appellee is not appealing the trial court's findings of fact with regard to his failure to prove fault on the part of Appellant."

grant a divorce on another ground.

## Conclusion

For the foregoing reasons, we conclude that the trial court erred in granting the parties a divorce. The final judgment of divorce is hereby vacated. Costs of this appeal are assessed against the Appellee, David Cook, for which execution may issue if necessary. This case is remanded to the trial court for the collection of costs and for such further proceedings as are necessary and consistent with this Opinion.

_____
ARNOLD B. GOLDIN, JUDGE