BOBBY JOE KNIGHT, Individually and as Guardian for MRS. GRACE KNIGHT, et al. v. INA T. KNIGHT, TERESA KNIGHT, and BANK OF COMMERCE — 458 S.W.2d 803.

Eastern Section. February 20, 1970.

Certiorari Denied by Supreme Court April 20, 1970.

Anderson & Anderson, Morristown, for appellants.

Taylor, Inman, Tilson & Line, Morristown, for appellees.

COOPER, J. Ina T. Knight and Teresa Knight have appealed from a decree of the Chancery Court of Hamblen County setting aside a divorce decree adjudicating ownership of real property described in the bill.

The material facts are not in dispute. Complainant Grace Knight and Lloyd C. Knight were married on January 17, 1932. Complainants Bobby Joe Knight and Harold Knight were born of the union.

On January 5, 1937, Grace Knight was adjudged to be a person of unsound mind upon a petition filed by Lloyd C. Knight, and was committed to Eastern State Hospital in Knoxville, Tennessee, where she has been continually confined.

Lloyd C. Knight filed a bill in the Chancery Court of Hamblen County, Tennessee on November 25, 1949, seeking a divorce from Grace Knight on the sole ground that she had "wilfully and maliciously deserted him on October 10th, 1935, and that they had not since resided together."

Included in the averments of the original bill was the statement that: "Complainant is informed *that on or about February, 1938* the defendant (Grace Knight) became insane and is now confined in Eastern State Hospital, Knoxville, Tennessee." (emphasis ours) Com-

plainant asked for the appointment of a guardian ad litem; however, for some reason not explained in the record, a guardian ad litem was never appointed for the admitted incompetent Grace Knight.

A judgment *pro confesso* and a final decree granting Lloyd C. Knight a divorce from Grace Knight was entered on March 20, 1950, as for December 12, 1949, the day the cause was tried *ex parte*.

Lloyd Knight married Ina T. Knight on May 12, 1950. Teresa Knight, now 15 years of age, was born of this marriage.

At the time of his second marriage, Lloyd Knight owned no personal or real property. Subsequently, he and Ina T. Knight purchased two tracts of land, the first on January 11, 1955, and the second on December 30, 1965. Title to both tracts of land was taken in the name of "Lloyd Knight and wife Ina T. Knight, as tenants by the entirety * * *" Payments on the purchase price of the properties were made from the earnings of both Lloyd and Ina Knight.

Lloyd Knight died on July 28, 1968.

On September 12, 1968, Bobby Joe Knight was appointed guardian of his mother, Grace Knight. Five days later, he filed suit, individually and as guardian for his mother, to have the divorce decree of March 20, 1950, set aside and to have the court declare that they were the legal owners of an interest in the real estate acquired by Lloyd C. Knight prior to his death. His brother, Harold Knight, joined with him in the suit. The defendants were Ina T. Knight and her daughter, Teresa Knight. The Bank of Commerce, holding a mortgage on

property that was the subject of the suit, was also named as defendant.

The Chancellor, on the basis of the above facts, set aside the decree of divorce granted Lloyd C. Knight from Grace Knight on the ground of fraud, and declared, as a consequence, that:

(a) the subsequent marriage of Lloyd C. Knight to Ina T. Knight to be invalid:

(b) the conveyances of real property purportedly creating an estate by the entireties between Lloyd C. Knight and Ina T. Knight established a tenancy in common in the property; and

(c) Grace Knight and her children, the complainants Bobby Joe Knight and Harold Knight, and the defendant Teresa Knight, born to Lloyd Knight and Ina T. Knight, were the owners of the one-half interest in the real estate owned by Lloyd Knight at his death.

Ina Knight and Teresa Knight have appealed questioning the Chancellor's action in setting aside the divorce decree and his adjudication of property rights.

 It is the unquestioned duty of the Chancellor, where suit is brought against a defendant who has been declared *non compos* and has no general guardian, to appoint a guardian *ad litem* to take all measures reasonably calculated to protect and promote the interest of the defendant. This would include pleading all affirmative defenses available to the defendant, including the defense of insanity.

"* * * [A]s minors, idiots and lunatics cannot bind themselves by any contract, and, as a consequence, can-

not retain counsel, and as they are incapable of making their own defense, the law of the Court requires that they should appear by regular guardian, when they have such; and, if they have none, it becomes the duty of the Court or of the Master, if the Court be not in session, to appoint a guardian for them for the purpose of the particular litigation. This guardian is called a guardian *ad litem.*" Gibson's Suits in Chancery, 5th Edition, Section 234 pp. 287-288. See also Section 113 of Gibson's Suits in Chancery, wherein it is emphasized that:

"No step can be taken against a minor, or *non compos,* until after the appointment of a guardian *ad litem;* the appointment must not only be made, but it must be accepted."

The wisdom of the stringent requirement for the appointment of a guardian *ad litem* for a *non compos* defendant was never more evident than in this case. As heretofore noted, the sole ground alleged in the bill of divorce filed by Lloyd C. Knight against Grace Knight and the ground of the decree of divorce was "willful and malicious desertion, without a reasonable cause." "Desertion, in order to constitute a ground of divorce, must continue for the statutory period while the deserting spouse is sane. Consequently, if, before, the expiration of the period, the deserting spouse becomes insane, such insanity is a good defense to an action of divorce by the other spouse on the ground of desertion, even though, at the time of the commencement of the desertion, the deserter was sane." Anno: Divorce—Insanity as precluding, 19 A.L.R. 2d 144, 167, citing among other cases Quinn v. Quinn, 169 Tenn. 173, 83 S.W.2d 269.

■ Under Section 8426 of Williams' .(Tennessee) Code, which was in effect at the time the bill of divorce was filed and decree granted, desertion by a spouse must have existed continuously for two whole years to be a ground of divorce. In order to meet the statutory requirement, Lloyd C. Knight represented to the Court that the alleged desertion occurred in October, 1935, and that Grace Knight became insane in February, 1938, and was committed to the Eastern State Hospital. The representation as to the date of the adjudication of insanity and commitment to Eastern State was false and, of necessity, was known to be false by Lloyd Knight as he had filed the petition upon which Grace Knight was adjudged insane and was committed. The true date of the adjudication of the insanity of Grace Knight was January 5, 1937, which was less than two years after the date of the alleged desertion and which, if known to the Court, would have precluded the granting of a decree of divorce to Lloyd C. Knight on the ground of desertion.

(We feel called upon to point out at this point that the fraudulent representations made by Lloyd C. Knight in securing the decree of divorce would have been revealed by the simplest independent inquiry by a guardian *ad litem*.)

We concur in the Chancellor's action in setting aside the decree granting Lloyd C. Knight a divorce from Grace Knight on the ground of fraud.

■ The divorce of Lloyd C. Knight from Grace Knight being invalid, it necessarily follows that his subsequent marriage to Ina T. Knight is invalid *ab initio* and that the deeds conveying real estate to "Lloyd C. Knight and wife Ina T. Knight, as tenants by the entireties" were not effective to create such an estate.

"At common law a simple conveyance to husband and wife made under the essential unities, would create an estate by the entirety, and a fortiori this result followed where the estate was to husband and wife expressly by the entireties. But since an existing marriage is essential to such an estate it is clear that no estate by the entirety is created [where the grantees are not legally married]. 83 A.L.R.2d 1052, 1053.

▉ The estate that is created is dependent upon the intention of the grantor, as evidenced by the language of the deed read in the light of the relevant and extrinsic circumstances. See Runions v. Runions, 186 Tenn. 25, 207 S.W.2d 1016.

When a deed has not expressly provided for the creation of a particular estate but has simply referred to the grantees as "husband and wife," the courts have had no difficulty in concluding that the grantees took as tenants in common where they were in fact not legally married. See McKee v. Bevins, 138 Tenn. 249, 197 S.W. 563; Mitchner v. Taylor, 56 Tenn.App. 670, 412 S.W.2d 1; 83 A.L.R.2d 1056. However, a designation of the invalidly married grantees as husband and wife, including a statement that they are to hold by the entireties, or by the entireties with right of survivorship, or stating that they are not tenants in common but rather tenants by the entirety, has been deemed sufficient compliance with the statutory requirement for express creation of a joint tenancy or a tenancy in common with right of survivorship. See Anno: Deed—Persons not legally married, 83 A.L.R.2d 1051, 1056 et seq. See also Runions v. Runions, 186 Tenn. 25, 207 S.W.2d 1016, 1 A.L.R.2d 242, where the husband undertook to create a tenancy by the entirety by a direct conveyance to his wife. The court, in holding that

the conveyance was ineffective to create a tenancy by the entireties but was effective to create a tenancy in common with right of survivorship, stated:

"The intention of Mr. Runions to create this estate of survivorship is clearly established by the provision which he inserted in the deed that he and his wife were to hold the land 'as tenants by the entirety'. This intention violates no rule of statute or common law. The right of survivorship may be annexed to an estate in common created by deed. Since, 'under recognized rules of construction the conveyance should operate, as nearly as possible, to produce the effect intended by the parties' as shown upon the face of the deed, we accordingly hold both on principle and on the authorities referred to that by reason of this deed and by reason of the fact that Mrs. Runions survived her husband she became the sole owner of the property described in that deed. The decree of the Chancellor holding to contrary is reversed."

█ The intent of Lloyd C. Knight and Ina T. Knight in accepting deeds to the properties that are the subject to this suit is clear if we accept the words of the conveyances as representing the intention of the parties. This must necessarily be done where, as here, no contrary evidence of intention exists. The words used, "tenants by the entirety," mean in law that the parties wanted the property to be inalienable during their joint lives, and on the death of one they wished the survivor to take all. Because they were not legally married and because inalienability is an incident only of estates by the entireties, the law denies them the first of these wishes. It does not follow, however, that the law must deny them the second as well. The intention of survivorship mani-

fested in the deeds can be effected under the law of this State by declaring the interest created by the instruments to be a tenancy in common with right of survivorship. See Runions v. Runions, 186 Tenn. 25, 207 S.W.2d 1016.

■ Giving effect to the recognized rule of construction that conveyances "should operate, as nearly as possible to produce the effect intended by the parties (Hicks v. Sprankle, 149 Tenn. 310, 257 S.W. 1044)," in the instant case we hold that the conveyances to Lloyd C. Knight and wife Ina T. Knight, as tenants by the entirety, created "a tenancy in common with a right of survivorship;" and, that Ina T. Knight, having survived Lloyd C. Knight is the sole owner of the properties.

On reading appellees' brief we note the statement: "No doubt Lloyd Knight and Ina T. Knight intended to create a tenancy by the entirety in this real estate; however, their intention does not deprive the Court of its jurisdiction to grant relief sought in this case." The jurisdiction of the Court is not in issue. The issue is the estate created by the conveyances of real property to "Lloyd C. Knight and wife Ina T. Knight, as tenants by the entirety," which, as heretofore noted is dependent upon the intention of the parties to the deed at the time the deeds were executed and delivered.

The decree of the Chancellor so far as it pertains to title to the real property involved in this suit is reversed, and a decree will be entered in this Court showing title to the properties to be in Ina T. Knight. Costs of the appeal will be adjudged against the appellees, Bobby Joe Knight and Harold Knight.

Reversed in part and affirmed in part.

McAmis, P. J., and Parrott, J., concur.