### Ruth M. WOOD et al *v.*
### Murtha A. WOOD

78-81                                        571 S.W. 2d 84

Opinion delivered October 2, 1978
(Division II)

*Hardin, Jesson & Dawson,* for appellants.

*Martin & Vater,* for appellee.

CONLEY BYRD, Justice. Appellants, Ruth M. Wood, et al, the legal widow and adult children of Boyd Wood, deceased, brought this action against appellee Murtha A. Wood to declare their interest in the decedent's home in Fort Smith and to recover the proceeds of certain Teamster Union benefits received by appellee. The trial court ruled that appellee took the home by right of survivorship and that none of the appellants were entitled to receive any of the Union benefits. From the summary judgment entered by the trial court appellants bring this appeal raising the issues hereinafter discussed.

The record shows that appellant Ruth M. Wood is in excess of 62 years of age and that the appellant children are all adults. An interlocutory decree of divorce was entered in the State of California on April 25, 1973, in an action wherein Boyd Wood was the petitioner and Ruth M. Wood was the respondent. That interlocutory decree incorporated therein a property settlement wherein appellant Ruth M. Wood released her right to participate in the estate of Boyd Wood. Subsequently, Boyd Wood and the appellee entered into a marriage ceremony in the State of Nevada. Later Boyd Wood and the appellee moved to Fort Smith, Arkansas and purchased a home taking title thereto as follows; to-wit:

> "Boyd E. Wood and Murtha A. Wood, husband and wife, as tenants by entirety."

Appellants admit that Boyd Wood caused appellee to be the designated beneficiary of the Union Benefits.

For purposes of this appeal we assume that appellants

are correct in asserting that under the laws of California the interlocutory decree of divorce did not amount to a full and complete divorce and that the Nevada marriage to appellee is void — appellee admits as much.

Appellants take the position that because of Ark. Stat. Ann. § 50-411 (Repl. 1971), the conveyance to "Boyd E. Wood and Murtha A. Wood, husband and wife, as tenants by entirety" created a tenancy in common and not in joint tenancy with right of survivorship. In making this contention appellants place much emphasis on Arkansas' strong public policy against bigamous marriages. Like the trial court we find the reasoning in *Coleman v. Jackson*, 286 F. 2d 98, 83 A.L.R. 2d 1043 (D.C. Cir. 1960), most persuasive. The court there pointed out that the crucial feature of a tenancy by the entirety was survivorship and where from the four corners of the instrument the court could interpret the intention of the parties as creating a survivorship estate, the court would deem it to be a joint tenancy with the right of survivorship. The deed here did not stop with describing the purchasers as husband and wife but went further and stated that they were to hold "as tenants by entirety." We also construe the deed as creating a joint tenancy with right of survivorship.

Neither do we find any merit in appellants' contentions with respect to the Union Benefits. Appellants admit that appellee was the designated beneficiary thereof and the abstracted portions of the Union Benefit plans show that appellants had no vested interest.

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.