Dessie K. SMITH, Administratrix of the
Estate of Carolyn SHAW, Deceased, and
Wesley SHAW, Jr. *v.* Ada STEWART, Administratrix
of the Estate of Wesley SHAW, Sr.,
and Dixie Mae SHAW

CA 79-40                                    596 S.W. 2d 346

Court of Appeals of Arkansas
Opinion delivered March 5, 1980
Rehearing denied April 9, 1980
Released for Publication April 9, 1980

*Jewell Brown, P.A.,* for appellants.

*Charles A. Brown,* for appellees.

DAVID NEWBERN, Judge. In this case we hold deeds to "Wesley Shaw and Dixie Shaw, his wife" created no right of survivorship, which would have existed in a tenancy by the entireties, as the persons named as grantees were not

married, and no words otherwise expressed a right of survivorship.

The appellees have raised a point whether the appellant Wesley Shaw, Jr., and the appellant Smith's decedent could, as illegitimate children of Wesley Shaw, Sr., have inherited his interest in the property even if no survivorship interest in Dixie Shaw were found. The trial court found no need to resolve that issue in view of its holding that the entire interest in question passed by right of survivorship to Dixie Shaw. We will comment on the matter because it will arise again on remand.

The appellees also allege deficiencies in the abstract submitted by the appellants. We found in the appellants' abstract the main item with respect to which the appellees declared it deficient. It contained all the matters necessary to decide the case. Rule 9.

Wesley Shaw, Sr., and Dixie Mae Shaw lived together many years as if they were husband and wife. They purchased the realty which is the subject of this litigation and took by deeds to "Wesley Shaw and Dixie Shaw, his wife." They were not married.

An administrator of the estate of Wesley Shaw, Sr., was appointed December 1, 1975. An objection was filed by the elder Wesley Shaw's sister, Ada Stewart, who is an appellee, and who eventually became administratrix of the Wesley Shaw, Sr., estate. In her objection to the appointment of the original administrator, Ada Stewart recited that Smith's decedent and Wesley Shaw, Jr., were the illegitimate children of Wesley Shaw, Sr. Her complaint was that the administrator was "pursuing" their claims and not giving her notice.

Ultimately, the court held the deeds created a joint tenancy with a right of survivorship and that, as Dixie Shaw was thus the successor to the elder Wesley Shaw's interest, there was no need to decide whether the appellant's decedent and Wesley Shaw, Jr., could inherit it.

## I.  *Survivorship*

We know of no Arkansas case in which a deed to two named persons who were not married to each other has been held to create a right of survivorship, absent some other language in the deed indicating an intent to create that right. Nor are we aware of any such holding in any other jurisdiction.

In *Wood* v. *Wood,* 264 Ark. 304, 571 S.W. 2d 84 (1978), our supreme Court held a right of survivorship was created when land was conveyed to "Boyd E. Wood and Murtha A. Wood, husband and wife, as tenants by entirety." It was contended there that no right of survivorship was created because of Ark. Stat. Ann. § 50-411 (Repl. 1971), which provides:

> Every interest in real estate granted or devised to two [2] or more persons (other than executors and trustees as such), shall be in tenancy in common, unless expressly declared in such grant or devise to be a joint tenancy.

Although the court referred to the process of ascertaining the grantor's intent by examining the "four corners of the instrument," the holding focused on the language of the deed. The "express declaration" required by the statute was found in the words "as tenants by entirety." The court said:

> The deed here did not stop with describing the purchasers as husband and wife but went further and stated that they were to hold "as tenants by entirety." We also construe the deed as creating a joint tenancy with right of survivorship. [264 Ark. at 306]

Here we have deeds that *do* stop with "describing the purchasers as husband and wife." No other words in the deeds even suggest survivorship rights, and we find the deeds insufficient to satisfy the statutory requirement of an express declaration of a joint tenancy with a right of survivorship.

## II.  *Inheritance by Illegitimates*

In *Frakes* v. *Hunt,* 266 Ark. 171, 583 S.W. 2d 497 (1979),

it was held that the effect of the rule of *Trimble* v. *Gordon,* 430 U.S. 762, 97 S. Ct. 1459 (1977), would be prospective from the date of the *Trimble* decision which was April 26, 1977. However, in saying the ruling would not be retroactive, our supreme court did so "based on" a quotation from a Kentucky case and one from a Tennessee case. The Kentucky case, *Pendleton* v. *Pendleton,* 560 S.W. 2d 538 (Ky. 1978), said the *Trimble* rule would not be retroactive except as to cases "in which the dispositive constitutional issue raised in this case was then in the process of litigation." (560 S.W. 2d at 539) In *Allen* v. *Harvey,* 568 S.W. 2d 829 (Tenn. 1978), the Tennessee court said the *Trimble* rule would not be retroactive but would "govern any cases pending in the courts of Tennessee on the date this opinion is released, asserting the right of children born out of wedlock to inherit from their natural father." (568 S.W. 2d at 835)

Those cases may be interpreted as setting up an exception based on standards that differ with respect to the nature of the litigation which must be in progress for the rule to apply. They may also differ from each other and from *Frakes* in that they may consider the date from which the *Trimble* rule applies in those states, respectively, as being the time they decided it was applicable to them.

For our purposes, the date from which we determine the application of the rule is certain. The only question remaining is whether we should choose to apply the rule in cases where a specific constitutional issue had been raised prior to that date, as in Kentucky, or where the issue of illegitimates inheriting had been raised prior to that date, as in Tennessee. In *Frakes,* the court had no need to decide that question, as nothing was filed in that case until September, 1977. We find some authority for utilizing one of these approaches or the other, as they both were quoted with seeming approval in *Frakes.*

The practical problem or policy problem dealt with in the *Frakes* case, which resulted in the holding that *Trimble* would not apply retroactively, was avoidance of chaos which might be created if old land titles were to be upset. We do not believe the practical problem with respect to land titles would

be at all exacerbated by taking the more lenient Tennessee approach. In that connection we note that the question of illegitimacy of the appellant Smith's decedent and Wesley Shaw, Jr., was raised by the appellee, Ada Stewart, in her objection to their heirship which the record shows was filed December 24, 1975.

Reversed and remanded.