Joseph U. PEREZ, Jr., Susan Williams, and James Ellis Petty, Appellants–Plaintiffs,

v.

Pamela GILBERT and James Yocum, and Any Person Whose Interest May be Adverse to the Plaintiff and the World, Appellees–Defendants.

No. 10A01–9108–CV–248.

Court of Appeals of Indiana, First District.

Feb. 20, 1992.

Rehearing Denied March 30, 1992.

Michael A. Gillenwater, Jeffersonville, for appellants-plaintiffs.

Michael G. Naville, Lorch & Naville, Steven A. Gustafson, Fox & Cotner, New Albany, for appellees-defendants.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Joseph U. Perez, Jr., Susan Williams and James Ellis Petty ("Children") appeal from a judgment in favor of James Yocum and Pamela Gilbert in an action to determine ownership interest in a parcel of real estate. We reverse.

## ISSUES

1. Did the trial court err in determining that James Yocum's interest in the disputed residential property was as joint tenant with a right of survivorship?

2. Is the Children's action barred by the statute of limitations?

3. Is the Children's action barred by adverse possession?

4. Did the trial court err in presuming that a will, which could not be found, was lost rather than revoked?

## FACTS

Emma Mae Yocum ("Emma") is the deceased mother of Joseph U. Perez, Jr., Susan Williams, James Ellis Petty, and Pamela Gilbert. Emma was married to James Yocum at the time of her death. James and Emma began dating in July of 1958 and began living together in March of 1959; however, Emma was married to Joseph U. Perez, Sr. at the time. This was the second time Emma had been married to Joseph. Emma and Joseph were not divorced until April 22, 1960.

On July 8, 1959, Emma and James took, by way of warranty deed as husband and wife, title to residential property known as 109 East Lynnwood Drive. Emma and James were married on July 18, 1960. They lived at 109 East Lynnwood Drive as husband and wife until Emma's death on June 17, 1990. No children were born of this marriage; however, in 1961 James adopted two of Emma's children, James Petty and Pamela (Petty) Gilbert.

The residential property was originally mortgaged for $13,500.00, on a thirty-year note and was later refinanced. James and Emma's names appear on the mortgage as husband and wife. James provided the consideration for the down payment on the purchase of the residence in 1959 and has made all the monthly mortgage payments to date.

In approximately 1970, James and Emma executed a joint and mutual will leaving all their property to each other. At Emma's death, the will could not be found.

After Emma's death, Children sought to determine ownership of Emma's interest in the residential property. After a bench trial held on March 25, 1991, the court concluded that at the time of the conveyance Emma and James held the residence as tenants in common. However, the court went on to say that they had the intent to hold the residence as husband and wife, thus creating a joint tenancy with the right of survivorship. The court entered judgment in favor of the defendants, awarding James Yocum the residence in fee simple

absolute. Children now appeal from this judgment.

## DISCUSSION AND DECISION

The trial court entered specific findings of fact and conclusions of law, pursuant to Ind.Trial Rule 52(A). On appeal we are bound to review these specific findings under the following standard: we first must determine whether the evidence supports the findings; we then must determine whether the findings support the judgment. *Porter County Board of Zoning Appeals v. Bolde* (1988), Ind.App., 530 N.E.2d 1212, 1215. The judgment of the trial court will be affirmed if we conclude that the specific findings support the judgment and are not clearly erroneous. *ITT Industrial Credit Co. v. R.T.M. Development Co.* (1987), Ind.App., 512 N.E.2d 201, 203. A judgment is clearly erroneous where a review of the record leaves us with a firm conviction that a mistake has been made. *Bolde*, 530 N.E.2d at 1215.

*Issue One*

Children argue that the trial court erred in concluding James and Emma held the residence as joint tenants with a right of survivorship, thus awarding James the residence in fee simple absolute. Children contend that when a man and woman take title to real estate as "husband and wife," when they are not in fact married, the interest which vests is that of a tenancy in common with each taking an undivided one half (½) interest in the whole. Further, they contend that this interest could not be altered by James and Emma's subjective intent. We agree with Children.

To create a concurrent ownership interest in real property, there must be a conveyance or devise to two or more persons. *See* IND.CODE § 32-1-2-7. The residence was originally conveyed to James and Emma in 1959, and there has not been a subsequent conveyance of the property. Therefore, the question we must answer is what ownership interest the 1959 deed created.

There are three basic forms of concurrent ownership: joint tenancy, tenancy in common, and tenancy by the entirety. A tenancy by the entirety can exist only between husband and wife. *See Eilts v. Moore* (1946), 117 Ind.App. 27, 31, 68 N.E.2d 795, 796. Here, James and Emma took title to the residence in 1959 as "husband and wife"; but, they were not married until July 16, 1960. Thus, as both Children and Yocum agree, James and Emma did not hold their interests as tenants by the entirety. This leaves the question of whether James and Emma held their interests created in the 1959 deed as tenants in common or as joint tenants.

Under common law, a conveyance to two or more individuals was presumed to create a joint tenancy; however, this presumption has been changed by statute. *Richardson v. Richardson* (1951), 121 Ind. App. 523, 526, 98 N.E.2d 190, 191–92, *trans. denied.* I.C. § 32-1-2-7 provides:

"All conveyances and devises of lands, or of any interests therein, made to two (2) or more persons, except as provided in section 8 of this chapter, shall be construed to create estates in common and not by joint tenancy; unless it shall be expressed therein that the grantees or devisees shall hold the same in joint tenancy and to the survivor of them, or it shall manifestly appear, from the tenor of the instrument, that it was intended to create an estate in joint tenancy."

*Id.* (formerly IND.CODE ANN. § 56–115 (Burns 1943). To create a joint tenancy between persons who are not legally husband and wife, it is necessary that their intention be declared expressly in the instrument or it must manifestly appear from the tenor of the instrument. *Nicholson v. Caress* (1874), 45 Ind. 479, 484. As used in the Indiana statute, the word "tenor" means the exact words of the instrument. *Id.* As explained by our supreme court in *Nicholson:*

"We cannot look to circumstances surrounding the grantor and attendant upon the execution of the instrument, to ascertain his intention. The intention must appear from an express declaration in

the instrument that the grantees or devisees shall hold as joint tenants, or from the words in the instrument."

*Id.* at 484–485.

We have held that when real estate is conveyed by deed to a man and a woman as "husband and wife" when in fact the parties are not married, they hold title to the property as tenants in common and not as joint tenants. *Singleton v. Crushman* (1947), 117 Ind.App. 183, 185, 70 N.E.2d 642, 643. *Spainer v. Spainer* (1951), 120 Ind.App. 700, 704, 96 N.E.2d 346, 347–48. Yocum contends that *Singleton* and *Spainer* are distinguishable because in both cases the parties were never legally married and because both cases were brought by the putative spouse who was a party to the deed. These facts do not require us to reach a different conclusion here. Our statute requires us to look at the actual words used in the instrument conveying the interest and not to the subjective intent of the parties, as Yocum asks us to do.

Further, Yocum contends that the language of the deed itself establishes James and Emma's intent to create a right of survivorship. We disagree. Yocum cites to numerous cases in other jurisdictions that he claims support the proposition that a deed to two persons as husband and wife, when in fact they are not legally married, creates a right of survivorship. Yocum overlooks a very important factor. Courts in other jurisdictions have frequently required that language expressing an intent to create a survivorship estate be gleaned from the "four corners" of the instrument creating the parties' interest. For example, as the Tennessee appellate court explained in *Knight v. Knight* (1970), 62 Tenn.App. 70, 458 S.W.2d 803:

"When a deed has not expressly provided for the creation of a particular estate but simply referred to the grantees as 'husband and wife,' the courts have had no difficulty in concluding that the grantees took as tenants in common where they were in fact not legally married. However, a designation of the invalidly married grantees as husband and wife, including a statement that they are to hold by the entireties, or by the entireties with rights of survivorship, or stating that they are not tenants in common but rather tenants by the entirety, has been deemed sufficient compliance with statutory requirements for express creation of a joint tenancy or a tenancy in common with the right of survivorship."

*Id.* at 77, 458 S.W.2d at 807 (citations omitted). *See Coleman v. Jackson* (D.C.Cir. 1960), 286 F.2d 98, *cert. denied*, 366 U.S. 933, 81 S.Ct. 1656, 6 L.Ed.2d 391 ("Tom and wife Alice tenants by entirety"); *Wood v. Wood* (1978), 264 Ark. 304, 571 S.W.2d 84 ("Boyd E. Wood and Murtha A. Wood, husband and wife, as tenants by entirety"); *McManus v. Summer* (1981), 290 Md. 408, 430 A.2d 80 ("THAXTER SMITH and MARY his wife ... as TENANTS BY THE ENTIRETY"); *Wright v. Bloom* (1961), Okla., 359 P.2d 1080 ("as husband and wife and as joint tenants with rights of survivorship."); *Maxwell v. Saylor* (1948), 359 Pa. 94, 58 A.2d 355 (Raymond and Emma his wife, "their heirs, and assigns, as tenants by the entireties"); Annotation, *Estate Created by Deed to Persons Described as Husband and Wife But Not Legally Married* 9 A.L.R.4th 1189 (1981). *See also Teacher v. Kijurina* (1950), 365 Pa. 480, 76 A.2d 197 (Language of the deed, to "Nick Kijurina and Sarah, his wife," was insufficient to create a survivorship estate.); *Smith v. Stewart* (App.1980) 268 Ark. 766, 596 S.W.2d 346, 9 A.L.R.4th 1185, *aff'd* 269 Ark. 363, 601 S.W.2d 837 (Deeds to "Wesley Shaw and Dixie Shaw, his wife" were insufficient to satisfy statutory requirement of an expressed declaration of a joint tenancy with the right of survivorship.)

Here, the 1959 deed creating James and Emma's interests, states that the conveyance was being made "unto James Yocum and Emma Y. Yocum, husband and wife." Record at 40. The 1959 deed contained no other language expressing a desire to create a joint tenancy with rights of survivorship. Thus, the trial court conclusion that James held title to the residence through his right of survivorship was contrary to law. From the time of the

1959 conveyance of the residential property, James and Emma held as tenants in common each taking a one half (½) interest in the whole.

*Issue Two*

Yocum contends that Children's action is barred by the statute of limitations. He argues that the 1959 deed created a tenancy by the entireties on its face, and that suit to reform the deed was required to be brought within fifteen years of its execution. Since we have concluded that the 1959 deed created a tenancy in common on its face, *see Issue One*, we need not address this issue.

*Issue Three*

 Next, Yocum argues that the Children's claim is barred by the doctrine of adverse possession. Adverse possession of real estate is established upon a showing that the possession has been actual, visible, notorious, exclusive, under a claim of ownership, hostile to the owner of record title, and continuous for the period of the statute. *Dowell v. Fleetwood* (1981), Ind.App., 420 N.E.2d 1356, 1359; *Connors v. Augustine* (1980), Ind.App., 407 N.E.2d 1186, 1188, *trans. denied.* Each element of a claim of adverse possession must be met before the possession may ripen into legal title as against the holder of the record title. *See id.*

Yocum's claim is misplaced. James and Emma did not acquire their interests in the residence by adverse possession; rather, they acquired their interests by the 1959 deed, which created a valid tenancy in common. James and Emma did not adversely possess this property as to the rest of the world; rather, they were record title holders of the residence as tenants in common.

*Issue Four*

Children argue that the trial court erred in presuming a joint and mutual will executed by James and Emma, was lost rather than revoked. Where a testator retains possession or control over a will, and that will is not found at the testator's death, a presumption arises that the will was destroyed with an intent to revoke it. *Matter of Estate of Borom* (1990), Ind. App., 562 N.E.2d 772, 775. The burden of proof remains on the contesting party to show the will was in fact revoked. *Id.* at 776. However, the presumption of destruction with intent to revoke shifts the burden of going forward with evidence to rebut the presumption to the proponent of the will. *Id.*

In the trial court's findings of fact, the court specifically found:

"That James and Emma purportedly executed a joint and mutual will approximately 20 years ago leaving all property to each other but the will cannot be found and is presumed lost."

Record at 87–88. At trial, James testified that approximately twenty (20) to twenty-two (22) years ago, he and Emma executed a joint and mutual will. Record at 133. This will was kept in the Yocums's hall closet; but, the will could not be found upon Emma's death. Record at 135. James and Emma retained possession and control over the will; however, the will has not been found. Thus, the trial court was bound to presume that the will was destroyed by Emma with the intent to revoke it. The trial court's finding that the will was presumed lost, rather than revoked, is contrary to law. We, however, do not address the question of whether there is sufficient evidence [1] to rebut this presumption since the issue was not decided by the trial court. The case at bar was a proceeding to quiet title, not a probate proceeding.

Reversed.

BAKER and CHEZEM, JJ., concur.

---

1. Children are incorrect in their assertion that Yocum must come forth with clear and convincing evidence to rebut the presumption of revocation. Intent of a testator to revoke a will is disproved by a preponderance of the evidence. *Borom,* 562 N.E.2d at 775.