# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**MARK D. JOHNSON**
Allen & Allen
Salem, Indiana

ATTORNEY FOR APPELLEE:

**ANDREW WRIGHT**
Andrew Wright, P.C.
Salem, Indiana



FILED

Jul 03 2014, 8:44 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| G. KEVIN POWELL, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 88A01-1402-PL-59 |
| | ) | |
| ESTATE OF GARY POWELL, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE WASHINGTON CIRCUIT COURT
The Honorable Larry W. Medlock, Judge
Cause No. 88C01-1308-PL-500

**July 3, 2014**

**OPINION - FOR PUBLICATION**

**FRIEDLANDER, Judge**

G. Kevin Powell (Kevin) appeals a grant of summary judgment in favor of the Estate of Gary Powell (the Estate), which determined that Kevin and the Estate were tenants in common and thus one-half owners of real estate (the Real Estate) conveyed to them by their father, Lawrence Powell. Kevin presents the following restated issues for review: Does a deed conveying property to brothers as tenants by the entireties create a joint tenancy with rights of survivorship, or instead a tenancy in common?

We reverse and remand with instructions.

The relevant facts are not in dispute. On December 1, 1995, Lawrence Powell conveyed the Real Estate to his two sons, Kevin and Gary Powell (Gary) by means of a warranty deed. The relevant portion of the deed stated as follows: "This Indenture Witnesses that Lawrence H. Powell … CONVEY AND WARRANT [sic] to G. Kevin Powell … and Gary Lee Powell …, as tenants by the entireties …, the following described real estate in Washington County, State of Indiana …[.]" *Appellant's Appendix* at 22. Gary died on March 2, 2013, and is survived by Kevin. On August 5, 2013, the Estate filed a complaint for declaratory judgment seeking a ruling that title to the Real Estate was held by Kevin and Gary as tenants in common and not as joint tenants with rights of survivorship. On August 26, 2013, Kevin filed a counterclaim asking for declaratory judgment to the effect that the deed created in the brothers a joint tenancy with right of survivorship, meaning that upon Gary's death, Kevin became the sole owner of the Real Estate. The trial court conducted a hearing, after which it entered the following conclusions of law and judgment:

2

1. That there is no intent other than to transfer real estate to Gary Powell and G. Kevin Powell that manifest itself from the four corners of the deed or from the tenor of the deed.

2. Lawrence H. Powell executed a Warranty Deed on December 1, 1995 transferring real property to brothers G. Kevin Powell and Gary L. Powell as "tenants by the entireties" [.]

3. That the cases cited by the [sic] G. Kevin Powell involved people who are husband and wife or posing as husband and wife and thus are distinguishable.

THEREFORE, the Plaintiff's motion for Summary Judgment is hereby GRANTED and the Defendant's Motion for Summary Judgment is hereby DENIED. G. Kevin Powell and The Estate of Gary Powell are hereby each granted one half of the Franklin Township, Washington County Indiana real estate as tenants in common.

*Id.* at 6.

Kevin challenges the trial court's ruling that the conveyance to him and his brother "by the entireties" was a nullity and that Lawrence Powell intended to convey the real estate to his sons as tenants in common. The question as to the legal effect of a conveyance of real estate by the entirety to two or more individuals who are not husband and wife is one of first impression in Indiana.

The question was presented in the present case in the form of a motion for summary judgment and a ruling thereon. Summary judgment is appropriate where the moving party shows there are no genuine issues of material fact with respect to a particular issue or claim. Ind. Trial Rule 56(C); *Holiday Hospitality Franchising, Inc. v. AMCO Ins. Co.*, 983 N.E.2d 574 (Ind. 2013). We review a summary judgment order *de novo*. *Walczak v. Labor Works-Ft. Wayne LLC*, 983 N.E.2d 1146 (Ind. 2013). Considering only the facts supported by

3

evidence designated by the parties, we must determine whether there is a "genuine issue as to any material fact" and whether "the moving party is entitled to a judgment as a matter of law." T.R. 56(C); *see also Kovach v. Caligor Midwest*, 913 N.E.2d 193 (Ind. 2009). Where the moving party designates material evidence demonstrating there are no genuine issues of material fact with respect to a particular issue or claim, the burden shifts to the non-moving party to come forward with designated evidence showing the existence of a genuine issue of material fact. *Holiday Hospitality Franchising, Inc. v. AMCO Ins. Co.*, 983 N.E.2d 574. Upon review, we will accept as true those facts alleged by the nonmoving party. *Sees v. Bank One, Ind., N.A.*, 839 N.E.2d 154 (Ind. 2005). Moreover, we construe all factual inferences in favor of the nonmoving party and resolve all doubts as to the existence of a material issue against the moving party. *Kovach v. Caligor Midwest*, 913 N.E.2d 193. The appellant bears the burden of demonstrating that the grant of summary judgment was erroneous. *Williams v. Tharp,* 914 N.E.2d 756 (Ind. 2009). Finally, we will affirm a grant of summary judgment on any theory supported by the record. *Holiday Hospitality Franchising, Inc. v. AMCO Ins. Co.*, 983 N.E.2d 574.

As an initial matter we note that, as indicated above, the relevant material facts are not in dispute. There is, however, something of a dispute about what the trial court designated as Finding of Fact No. (2), which states: "That the designation of Gary L. Powell and G. Kevin Powell as tenants by the entireties is a legal nullity as they are brothers and not husband and wife." *Appellant's Appendix* at 5. As an alternative to his main argument that the trial court erred in concluding that a faulty conveyance "by the entirety"

4

to individuals who are not husband and wife creates a tenancy in common, Kevin argues persuasively that Finding No. (2) should, in fact, be regarded as a conclusion of law that it is not supported by the designated evidence, and therefore that summary judgment was inappropriate. We need not address this argument because we reach the same conclusion via a different route.

The question is a straightforward one: what was the effect of the conveyance to brothers Kevin and Gary "by the entirety"? In Indiana, and generally, there are three forms of concurrent ownership of real estate, including joint tenancy, tenancy in common, and tenancy by the entirety. *Perez v. Gilbert*, 586 N.E.2d 921 (Ind. Ct. App. 1992). The latter, tenancy by the entirety, can exist between only a husband and wife. *Id.* Thus, Lawrence could not convey the land to his sons utilizing this ownership form. By process of elimination, this means that the ownership interest created in favor of Kevin and Gary by the 1995 deed was either joint tenancy or tenancy in common. Kevin argues that the deed conveyed a joint-tenancy ownership interest, while the Estate contends that the flawed conveyance conferred a tenancy-in-common ownership interest. We will explore these arguments.

Pursuant to Ind. Code Ann. § 32-17-2-1(c) (West, Westlaw current with all legislation of the Second Regular Session of the 118th General Assembly (2014) with effective dates through May 1, 2014):

> Except as provided in subsection (b), a conveyance or devise of land or any interest in land made to two (2) or more persons creates an estate in common and not in joint tenancy unless:

5

(1) it is expressed in the conveyance or devise that the grantees or devisees hold the land or interest in land in joint tenancy and to the survivor of them; or

(2) the intent to create an estate in joint tenancy manifestly appears from the tenor of the instrument.

The Estate notes that this statute, in some form, was enacted long ago. The version in effect at the time this deed was executed, the former Ind. Code Ann. § 32-1-2-7, was, for our purposes, substantially the same as the current version set out above. The statutory presumption is that concurrent owners of real property are tenants in common. The first exception to that presumption, set out in subsection (c)(1), clearly does not apply here because Lawrence did not express in the deed that his sons should "hold the land or interest in land in joint tenancy and to the survivor of them", or substantially similar language. This leaves subsection (c)(2), which applies when the grantor expresses an intent to convey the land in joint tenancy.

The Estate contends Lawrence did not do this because his use of the phrase, "tenants by the entireties", *Appellant's Appendix* at 5, "is an obvious scrivener's error." *Appellee's Brief* at 7. Essentially, the Estate claims that Lawrence inadvertently mislabeled Gary and Kevin – i.e., that he intended instead to designate them as "tenants in common." We presume this is because Gary and Kevin could not possibly take the property as tenants by the entirety inasmuch as they were not husband and wife. The Estate adds that there is no additional language in the deed referring to joint tenancy or a right of survivorship. "For example, the deed neither states 'tenants by the entireties with rights of survivorship' nor

6

does it state 'tenants by the entireties and not as tenants in common'". *Id.* at 9. The Estate concludes that the language utilized in the 1995 deed does not bring this case within the exception outlined in I.C. § 32-17-2-1(c)(2) and therefore the presumption is that Lawrence meant to convey the property to his sons as tenants in common. It appears that the trial court agreed with this conclusion.

The Estate's argument begs the question; the argument's conclusion is among its premises. That is, the Estate urges us to conclude that Lawrence intended to convey the land to his sons as tenants in common based in large part upon the presumption that such is what he intended to state in the deed when he in fact wrote something entirely different. The Estate compounds the logical fallacy in contending that we should not attempt to ferret out Lawrence's intent, but instead focus only upon the language used in the deed – while at the same time urging us to disregard what Lawrence actually stated in the deed in favor of the presumption that he intended to state something else. This argument leaves us a bit perplexed, and unconvinced.

We agree with the Estate that the starting point in this analysis is I.C. § 32-17-2-1, and specifically the exception set out in subsection (c)(2), to the effect that a conveyance to two or more persons is presumed to create an estate in common unless the tenor of the instrument manifestly conveys an intent to create an estate in joint tenancy. The question in the present case is whether the deed's designation of Kevin and Gary as "tenants by the entireties" manifests such an intent. *Appellant's Appendix* at 22.

7

At the outset, we reject the Estate's assertion that Lawrence essentially misspoke or committed a scrivener's error in using that designation in the deed. Our goal when interpreting a deed is to identify and implement the parties' intent with respect to the transaction in question, as expressed in the plain language of the deed. *Rennaker or v. Gleason*, 913 N.E.2d 723 (Ind. Ct. App. 2009). "We presume that the parties intended for every part of the deed to have some meaning, and we favor a construction that reconciles and harmonizes the entire deed." *Id.* at 729 (*Parkinson v. McCue*, 831 N.E.2d 118, 128 (Ind. Ct. App. 2005), *trans. denied*). We read the language utilized in real covenants in the ordinary and popular sense, not a technical or legal sense. *Rennaker v. Gleason*, 913 N.E.2d 723.

The foregoing rules of construction are intended to assist us in arriving at the parties' intention, and should not be utilized as a means to defeat it. *Long v. Horton*, 126 Ind. App. 651, 133 N.E.2d 568 (1956). Consistent with our standard of review, we presume that, in conveying his property to his sons, Lawrence intentionally chose to give it to them "as tenants by the entireties." The validity of this presumption is further buttressed, we think, by the fact that Lawrence retained legal counsel to help him draft this instrument.[1] The

---

[1] We understand that the assistance of legal counsel might be viewed as cutting both ways on the question of whether Lawrence intentionally chose the language, "as tenant by the entireties." One could plausibly argue that legal counsel would have known that two individuals who are not husband and wife cannot possess property as tenants by the entirety. We think it more likely, however, that legal counsel would have known that tenancy by the entirety includes the right of survivorship, but overlooked the limitation that it applies only to husband and wife, than it is that counsel would not have known that feature of tenancy by the entirety.

most notable aspect of tenancy by the entirety is that upon the death of one tenant, the surviving tenant takes possession of the whole – the so-called right of survivorship. In fact, tenancy by the entirety is a special form of joint tenancy, i.e., one that can exist between only husband and wife. Common to both is the right of survivorship. *See, e.g., Chandler v. Cheney*, 37 Ind. 391 (1871). Therefore, we conclude that in specifying that Kevin and Gary would take the property "as tenants by the entireties", *Appellant's Brief* at 22, Lawrence meant to convey the right of survivorship. Several other states that have addressed this question have reached a similar result.

In *Pennsylvania Bank & Trust Co. v. Thompson*, 247 A.2d 771, 771 (Pa. 1968), two brothers acquired real estate via a deed conveying the property to them "as tenants by the entireties." The Pennsylvania Supreme Court deemed it "quite clear" that this conveyed an intent to incorporate the survivorship feature. *Id.* at 772. The court explained:

> The most important feature of a tenancy by the entireties is that the entire estate is owned completely by the survivor. It can of course be argued that the impossibility of one cotenant to sell or pledge his interest or compel a partition of the property is an equally important characteristic of a tenancy by the entireties. But in essence this aspect of an entireties tenure is merely a means to guarantee the right of the survivor to take and is therefore subordinate in importance to the right of survivorship. And even if it is conceded that the inalienability feature is equally important, it does not necessarily follow that because there is no estate for unmarried individuals which permits inalienability, the law should not recognize an intent to create a tenancy with a survivorship feature. This would at least fulfill part of the brothers' original goal of creating a tenancy by the entireties. To interpret otherwise and hold that the addition of the words "as tenants by the entireties" does not include the right of survivorship, would render those words meaningless. For what other effect could be given to the quoted words that would distinguish the tenancy these brothers tried to create from a tenancy in common, a tenure which would have been created if the deed had

9

simply stated that it was a conveyance to [the brothers]?  Clearly there is none.

*Id.*  Other courts have also addressed this or a similar situation.

In *Coleman v. Jackson*, 286 F.2d 98 (D.C. Cir. 1960), *cert. denied*, 366 U.S. 933 (1961), property was conveyed to a putative husband and wife as "tenants by the entirety." It later turned out that the marriage was not valid.  When the putative husband died, the wife claimed that the conveyance created in her a right of survivorship with respect to the property.  The appellate court agreed, reasoning:

> The words used, 'tenants by the entirety,' mean in law that the parties wanted the property to be inalienable by either during their joint lives, and on the death of one they wished the survivor to take all. Because they were not married and because inalienability is an incident only of estates by the entireties, the law denies them the first of these wishes. But it does not follow that it must deny them the second as well. Survivorship, the salient feature of joint tenancy, is also perhaps the most important feature of tenancy by the entireties; the other major attribute of the latter estate, inalienability, is in part only a means to protect the right of the survivor to take. Although there are differences between joint tenancies and tenancies by the entireties, the marked similarities between the two forms of cotenancy cannot be ignored.

*Id.* at 102 (footnote omitted).

In *Sams v. McDonald*, 160 S.E.2d 594, 596 (Ga. Ct. App. 1968), *cert. denied*, 162 S.E.2d 296, a membership in a savings and loan association was granted to a man and woman purporting to be husband and wife, and an account was created on their behalf "in the joint names of the undersigned as tenants by the entireties".  After the man died, the executor of his estate made a demand upon the association for a transfer of the account to him in his capacity as executor.  A dispute arose between the surviving woman and the

10

estate regarding the ownership of the account, based upon her claim that the account was hers by virtue of the right of survivorship. The appellate court acknowledged they could not hold as tenants by the entirety, but determined, "since that is but the nomenclature for a joint tenancy between husband and wife, [w]e must conclude that the legal effect was to create a joint tenancy in them, with right of survivorship." *Id.* at 598.

In *Mitchell v. Frederick*, 170 A. 733, (Md. 1934), real property was conveyed to a putative husband and wife "by the entirety". The woman had previously been married and had children from that marriage. Many years later, after the woman died, it was learned that the second marriage was invalid. Two children of the woman's first marriage claimed an ownership interest in the real property on grounds that the invalidated marriage rendered the ownership interests of putative husband and wife to be tenancies in common. The court rejected this contention, stating,

> But there is in this case the additional factor of the description of the intended holdings as tenancies by the entireties. It is indisputable that the purpose of this form of grant is to secure the right of survivorship in each party, with the incidental immunity from the debt of one party, or from conveyance by one. "The most important incident of tenancy by the entireties is that the survivor of the marriage, whether the husband or the wife, is entitled to the whole, which right cannot be defeated by conveyance by the other to a stranger, as in the case of a joint tenancy, nor by sale under execution against the other." 1 Tiffany, Real Property, 645. The intention to secure this incident by describing the estate as one by the entirety is with us clear beyond all question. Specifying tenancy by the entirety is the full equivalent of declaring in so many words that there shall be a right of survivorship.

*Id.* at 737.

11

In *Morris v. McCarty*, 32 N.E. 938, 939 (Mass. 1893), property was conveyed to a putative husband and wife as "tenants by the entirety, and not as tenants in common". The marriage was ultimately declared void. After the woman died, her children claimed an interest in the real property as her heirs, arguing that by virtue of the fact that they were not husband and wife, their mother and her putative husband held the real estate as tenants in common, meaning that her share passed to them upon her death. The trial court denied the claim, noting: "An estate in entirety is an estate in joint tenancy, but with the limitation that … neither the husband nor the wife can destroy the right of survivorship without the assent of the other party. … The doctrine of survivorship is the distinguishing incident of title by joint tenancy". *Id.*

In *Wood v. Wood*, 571 S.W.2d 84, 85 (Ark. 1978), a home was conveyed to a putative husband and wife "as tenants by entirety." The putative husband was already married to another woman at the time, and thus the marriage was invalid. After the man died, his legitimate heirs contended that he owned the property as a tenant in common. The Arkansas Supreme Court rejected this argument, explaining that "the crucial feature of a tenancy by the entirety was survivorship and where from the four corners of the instrument the court could interpret the intention of the parties as creating a survivorship estate, the court would deem it to be a joint tenancy with the right of survivorship." *Id.* The court concluded that the deed signaled the intent to create such an interest in stating "that they were to hold 'as tenants by entirety.'" *Id.* at 86.

In *McManus v. Summers*, 430 A.2d 80 (Md. 1981), a man and woman were married shortly after the man obtained a divorce. They subsequently purchased real estate pursuant to a deed that conveyed the property "unto the said parties of the second part, in fee simple, as TENANTS BY THE ENTIRETY [.]" *Id.* at 81 (emphasis in original). After the man died many years later, his children by his first wife claimed that the divorce from his first wife was not valid and therefore that he held the property in question as a tenant in common. The appellate court rejected this argument and ruled that he held the property as a joint tenant with right of survivorship. The court explained: "The use of the language as "'tenants by the entirety'" in the deed signifies an intention that there be a right of survivorship." *Id.* at 87.

We agree with the holdings and overarching rationale set out in *Pennsylvania Bank & Trust Co. v. Thompson*, *Coleman*, *Sams*, *Mitchell*, *Morris*, *Wood*, and *McManus*. In Indiana, as in those jurisdictions, "survivorship is the most important incident of a tenancy by the entireties[.]" *Baker v. Cailor*, 206 Ind. 440, 186 N.E. 769, 770 (1933). Therefore, when property is conveyed to individuals by the entirety or entireties, regardless of whether those individuals are husband and wife, a presumption arises that the grantor intended to convey the property with the right of survivorship. This, in turn, is sufficient to establish the intent to create an estate in joint tenancy with right of survivorship within the meaning of I.C. § 32-17-2-1(c)(2).

This is precisely what occurred in the present case. Lawrence conveyed the Real Property to his Sons as "tenants by the entireties." *Appellant's Appendix* at 22. Therefore,

13

his intent to convey the right of survivorship is manifestly apparent from the tenor of the instrument.  *See* I.C. § 32-17-2-1(c)(2).  Accordingly, we reverse the grant of summary judgment in favor of the Estate and remand with instructions to grant the summary judgment motion submitted by Kevin.

Judgment reversed and remanded with instructions.

MATHIAS, J., and PYLE, J., concur.

14